### AMERICAN BUTTON-HOLE, OVERSEAMING, AND SEWING MACHINE COMPANY v. HILL.

1. An answer is frivolous when it fails to deny any of the allegations of the complaint or to state any new matter by way of defence.
2. The fact of incorporation pertains to the right to sue, and therefore where a plaintiff corporation alleged its corporate existence and defendant answered such allegation by a denial of knowledge or information sufficient to form a belief, the plaintiff's corporate existence or capacity to sue is not in issue.
3. Plaintiff alleged the execution and delivery to it by defendant of four notes, which were set out in full. Defendant admitted the execution of certain notes, but said he did not know the date, amount, or terms of said notes, and he denied "each and every allegation of said complaint not hereinbefore admitted or denied." *Held*, that the answer was not frivolous, but raised an issue for the jury.

Before ALDRICH, J., Spartanburg, March, 1887.

The opinion states the case.

*Mr. Chas. P. Barrett*, for appellant.

*Mr. Ralph K. Carson*, contra.

July 12, 1887. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. The plaintiff, claiming to be a body corporate under the laws of the State of Pennsylvania, sued the defendant on four notes, each for $97.50, alleging that they were executed by him and payable to the order of "American Button Hole, Overseaming, and Sewing Machine Company." Copies of the notes were set out in the complaint. The defendant answered as follows : "1. That he has no knowledge or information sufficient to form a belief as to the incorporation of

said 'American Button Hole, Overseaming, and Sewing Machine Company.'  2. That the defendant admits that he executed and delivered certain notes, payable to the alleged American Button Hole, Overseaming, and Sewing Machine Company, but does not know the date, amount, or terms of said notes. 3. That defendant admits that he has paid no part of these notes.  4. That defendant denies each and every allegation of said complaint not hereinbefore admitted or denied." The plaintiff, after due notice, moved an order overruling the answer as frivolous, and for judgment thereon. Judge Aldrich granted the motion and gave the plaintiff judgment on the notes. From this order the defendant appeals, alleging error for the reason that the material averments of the complaint were denied in the answer.

Section 170 of the Code provides as follows: "The answer of the defendant must contain: 1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof, sufficient to form a belief, &c.  2. A statement of any new matter constituting a defence or counter-claim," &c. Section 268 declares that, "If a demurrer, answer, or reply be frivolous, the party prejudiced thereby may apply to a judge of the court, either in or out of the court, for judgment thereon, and judgment may be given accordingly." An answer may therefore be said to be frivolous when it fails to deny any of the allegations of the complaint, or to state any new matter by way of defence. It appears from a mere glance that the answer in this case contained no new matter and the question is whether it denied a material allegation of the complaint so as to make an issue. "In order to make the answer frivolous the objection must extend to and embrace the whole pleading objected to; so that nothing is left of the pleading that can entitle the party to a trial." *Tharin* v. *Seabrook*, 6 *S. C.*, 118.

Paragraph one of the answer makes no legal and proper denial. True, it states that the defendant "has no knowledge or information sufficient to form a belief" as to the incorporation of the said "American Button Hole, Overseaming, and Sewing Machine Company," but as the fact of incorporation pertained to the right to sue, this court, in the case of the *Steamship Company* v.

*Rodgers* (21 *S. C.*, 27), has held that, "where a plaintiff corporation alleged its corporate existence, and defendant answered such allegation by a denial of knowledge or information sufficient to form a belief, the plaintiff's corporate existence or capacity to sue is not in issue."

Paragraphs two and three admit that he (defendant) "executed and delivered certain notes to the alleged 'American Button Hole, Overseaming, and Sewing Machine Company,' but does not know the date, amount, or terms of said notes." As copies of the notes sued on were attached to the complaint, we confess this looks very much like an intentional evasion; but still we cannot say that it was an admission of the identical four notes sued on. It was certainly not a denial that he signed these notes and made no issue. But the fourth paragraph states "that the defendant denies each and every allegation of said complaint not hereinbefore admitted or denied." It seems to us that this was in effect a denial that he had executed the identical notes sued on. We have seen that none of the other paragraphs had properly denied any of the material allegations, and that there was no unequivocal admission of the identical notes sued on, but of some notes, &c. See *Kennedy* v. *Moore*, 17 *S. C.*, 467 ; *Savings Bank* v. *Strother*, 22 *Id.*, 557. We cannot resist the conclusion that the last paragraph of the answer was a general denial of the allegations of the complaint, and made an issue for the jury.

The judgment of this court is, that the judgment of the Circuit Court be reversed.