[No. 6230. Decided September 15, 1906.]

ARCHIE R. GALBRAITH, *Appellant*, v. O. P. SHEPARD, *Respondent*.[1]

BILLS AND NOTES—INDORSERS—PRESENTMENT—NOTICE OF DISHONOR. An indorser on a note is not liable in the absence of presentment and demand upon the makers at maturity, and notice of dishonor, or waiver thereof.

SAME—ACTION AGAINST INDORSER—PLEADINGS AND PROOF—WAIVER OF DEMAND AND NOTICE. In order to prove waiver of presentment, demand, and notice by an indorser of a note, the facts excusing such presentment or showing waiver thereof must be specifically pleaded.

APPEAL—REVIEW—ERRORS FAVORABLE TO APPELLANT. Error in allowing a plaintiff to prove waiver of demand and notice by an indorser, without having pleaded the same, is error favorable to the plaintiff, of which he cannot complain after verdict against him.

BILLS AND NOTES—DEMAND—NOTICE. Where a note gives the option to declare the whole sum due upon default in the payment of interest, presentment and demand upon the makers, and notice of dishonor must be shown to hold an indorser; action on the note not being sufficient notice except as to persons primarily liable; especially in view of Laws 1899, p. 353, § 70, requiring such notice.

[1]Reported in 86 Pac. 1113.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered December 30, 1905, upon the verdict of a jury rendered in favor of the defendant, in an action on promissory notes. Affirmed.

*A. G. Starkey* and *Peacock, Wells & Ludden,* for appellant.

*Merritt & Merritt,* for respondent.

HADLEY, J.—This is an action to recover upon two negotiable promissory notes. The note designated in the first cause of action was by its terms past due when the action was commenced, and the second cause of action alleges that the note described therein became due by reason of the failure to pay the interest when due and by reason of the further fact that the holder exercised his option, as provided in the note, to declare the whole of the principal and interest due and collectible upon default in payment of interest. The makers and an indorser, O. P. Shepard, were made parties defendant. It is alleged that the first note was at maturity presented to the makers, and payment demanded, which was refused, and that due notice thereof was given to the indorser. As to the second note, it is alleged that all the defendants had due notice that the holder had exercised his option to declare the whole of both principal and interest due and collectible, but it is not alleged that any demand was made for payment and refused before suit was brought. The indorser, who was an accommodation indorser, put in issue the allegations as to demand and notice, and interposed certain affirmative defenses which were excluded at the time of the trial. The cause was tried before a jury and resulted in a verdict for the indorser. Judgment was entered in his favor, and awarding him costs. The plaintiff has appealed.

There was no evidence at the trial in support of the allegation that the first note was at maturity presented to the makers with demand for payment followed by notice to the

indorser of its dishonor. This was necessary in order to charge respondent as indorser, unless he had waived such presentment, demand and notice. There was no allegation in the complaint that there was such waiver, but the court admitted evidence upon that subject over respondent's objection. This court, in *Bay View Brewing Co. v. Grubb,* 24 Wash. 163, 63 Pac. 1091, quoted approvingly the following from 14 Ency. Plead. & Prac., 1069:

"Where no notice has been given and the plaintiff relies on facts excusing such notice or showing a waiver thereof, such facts must be specifically alleged by the plaintiff. This is in accordance with the rule that all the facts which constitute the cause of action must be stated by the plaintiff, and every fact on which an action depends is deemed constitutive."

Within the above rule the testimony as to waiver was inadmissible under the complaint. But the error was in appellant's favor, and even under the evidence admitted, the jury determined the point against him. It is therefore unnecessary to discuss the assignments of error concerning the rejection of certain evidence bearing upon the question of waiver.

What is said as to the first note on the subject of waiver also applies to the second. As to that note, there was neither allegation, nor proof, of presentment and demand, or of waiver. Appellant contends that the bringing of the suit was sufficient demand, and also sufficient notice of election to declare the whole debt due for nonpayment of interest. He cites a number of decided cases which he claims support his contention. We have examined the decisions and find that they would be in point if the rights of the makers or parties primarily liable were involved. The rights involved here are, however, those of an indorser who was not the payee. All the cases cited, as we understand them, decide only that demand and notice are unnecessary where the rights of makers and all persons primarily liable, or those of subsequent pur-

chasers of mortgaged property, are involved. Our attention
has been directed to no case which holds that when the note
provides that the option to declare the whole debt due for
nonpayment of interest may be exercised, it is unnecessary in
such case to make demand and give timely notice of dishonor
before suit in order to charge a mere indorser. Our negoti-
able instruments statute seems to be specific and controlling
upon this subject. Laws 1899, p. 353, § 70, provides as
follows:

"Presentment for payment is not necessary in order to
charge the person primarily liable on the instrument; but
if the instrument is, by its terms, payable at a special place,
and he is able and willing to pay it there at maturity, such
ability and willingness are equivalent to a tender of payment
upon his part. But except as herein otherwise provided, pre-
sentment for payment is necessary in order to charge the
drawer and indorsers."

It is thus specifically declared by our statute that present-
ment for payment is not necessary in order to charge per-
sons primarily liable, such being a mere declaration of the
law, as held in the decisions cited by appellant. It is, how-
ever, as specifically declared that presentment for payment
is necessary in order to charge an indorser. Section 89 of
the same statute, page 356, Laws of 1899, also provides that,
when a negotiable instrument has been dishonored by non-
payment, notice of such dishonor must be given to the in-
dorser, and that in the absence of such notice he is discharged.
The court instructed the jury in accordance with our views as
above stated. We think there was no error, and the judg-
ment is affirmed.

MOUNT, C. J., FULLERTON, DUNBAR, and CROW, JJ., con-
cur.