# Richmond.

## SECURITY LOAN AND TRUST CO. v. FIELDS.

March 10, 1910.

Absent, Buchanan and Whittle, JJ.

1. NOTICE FOR A JUDGMENT—*Must State a Case—Demurrer—Code, Section 3211.*—In a proceeding by motion for a judgment under section 3211 of the Code the notice takes the place of the writ and the declaration in a regular action, and, while the notice is viewed with great indulgence by the courts, it must set out matter sufficient to maintain the action; and whether or not it does this is tested by a demurrer to the notice.

2. NOTICE FOR A JUDGMENT—*Action Against Endorser—Allegation of Presentment and Notice—Demurrer—Bill of Particulars.*—The notice of a motion for a judgment under section 3211 of the Code against the endorser of a negotiable note must contain such allegations of presentment for payment and notice of dishonor to the endorser as will fix a liability upon him for the payment of the note, else the notice will be bad upon demurrer. The defendant is not obliged to call for a bill of particulars in such case.

3. WAIVER—*Implied Waiver—Case at Bar.*—A waiver of legal rights will not be implied except upon clear and unmistakable proof of an intention to waive such rights. In the case at bar the alleged waiver of notice to an endorser was made by one who was not entitled to receive the notice, and who had no authority whatever to make the waiver, even if his conduct could be construed to be such, and hence is not effective.

Error to a judgment of the Law and Chancery Court of the city of Norfolk, in a proceeding by motion for a judgment under section 3211 of the Code. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott & Lankford,* for the plaintiff in error.

*John Fields, Jr.,* and *Thos. W. Shelton,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

·This is a writ of error to a judgment of the Court of Law and Chancery of the city of Norfolk in favor of the defendant in error, the holder of the negotiable note sued on, against the plaintiff in error, the Security Loan and Trust Company, an endorser of the note, the action being by motion upon notice, under section 3311 of the Code.

The notice of motion is as follows: "You are hereby notified that on the 20th day of July, in the year 1908, between the hours of ten (10) and eleven (11) A. M., I shall move the Court of Law and Chancery of the city of Norfolk, Virginia, for a judgment against you for the sum of one thousand dol-lars ($1,000.00), with interest thereon from the first day of March, 1907, until paid, the same being due to the undersigned, John Fields, Jr., from you, as evidenced by a certain negotiable promissory note signed by Virginia Medical Co., Inc., by its proper officers, payable to your order and by you endorsed in blank, for the principal sum of $1,000.00, said note bearing date March 1, 1907, being payable one year after date at the Citizens Bank of Norfolk, Virginia, and bearing interest from· the date thereof, at the rate of 6 *per cent. per annum,* the undersigned being the holder in due course, and for value.

"Given under my hand this 26th day of June, in the year 1908.

"JOHN FIELDS, JR.,<br>By Counsel."

The note sued on, with its endorsements, is as follows: ·

"$1,000.00                    Norfolk, Va., March 1, 1907.

"One year after date Virginia Medical Co. Inc., promises to pay to the order of Security Loan and Trust Co. one thousand dollars, with interest from date hereof till paid, at six *per cen-tum per annum,* payable semi-annually, at Citizens Bank, Norfolk, Va., without defalcation, for value received. And we, maker and endorser, do hereby waive the benefit of our homestead exemption as to this debt.

"VIRGINIA MEDICAL CO., INC.,

"W. L. Fields, Vice-President.

"Attest:

"A. M. Waddell, Jr., Secretary."

(Endorsements.)

"Security Loan and Trust Co., Abbott Morris, President.
"With recourse,

"W. L. Fields."

"Pay to the order of any bank or banker, prior endorsement guaranteed, March 2, 1908, The Nat'l Bank of Goldsboro.

"Goldsboro, N. C.

"C. C. Kornegay."                    "Cashier."

It will be observed that the action is brought by the holder of the note, claiming to have acquired it in due course and for value, against the first endorser thereof; the endorsement being in blank.

When the case was called for trial on the 5th of February, 1909, plaintiff in error demurred to the notice, in which demurrer defendant in error joined, whereupon the court overruled the demurrer, and this ruling constitutes plaintiff in error's first assignment of error. ·

The ground of demurrer was that, in order to entitle defendant in error to recover on the note against plaintiff in error, the note must have been duly presented at maturity and due

notice of its dishonor given to plaintiff in erorr; that the note was payable at The Citizens Bank of Norfolk, Virginia, and there is no allegation in the notice that the note was presented to said bank or to any person at any time, or at any place, or that any notice of its dishonor was ever given to plaintiff in error or any person representing it.

While, in proceedings on motion for judgment for money under the statute, *supra,* the notice takes the place of both the writ and the declaration, and is viewed with great indulgence by the courts, this does not relieve the plaintiff of the requirement that he set out in his notice to the defendant matter sufficient to maintain the action, and whether or not he has done this is the sole question raised by the demurrer to the notice. *Morotock Ins. Co.* v. *Pankey,* 91 Va. 259, 21 S. E. 487; *Union Cent. L. Ins. Co.* v. *Pollard,* 94 Va. 146, 26 S. E. 421, 64 Am. St. Rep. 715, 36 L. R. A. 271.

Defendant in error relies on the last cited case as supporting his contention that if plaintiff in error desired to have more specific information he had the right to move the court to order defendant in error to file a statement of the particulars of his claim, and failing to do so, he is to be taken as electing to let the notice stand as it was, in order, thereafter, to object to the introduction of the note upon which the motion was made; but in that case a question arose as to the admissibility in evidence of certain foreign statutes, a question not raised by the demurrer to the notice, and what was said in the opinion neither sustains defendant in error's contention, nor militates against the settled doctrine that the notice in such a case must set out sufficient matter to maintain the action.

In this case the action is against an endorser of the note alone, whose liability to the holder, or claimant, of the note was conditional only, as is not questioned; and yet the notice of the motion to be made against him for the amount of the note does not set out a single fact going to show that defendant in error had a right of action against him. As suggested in the

petition for this writ of error, every word in this notice may be true without any cause of action having arisen against the plaintiff in error as endorser of the note upon which the judgment would be asked.

We are of opinion that the lower court should have sustained the demurrer to the notice, but with leave to defendant in error to amend the notice if he desired to do so. In the event that the case takes that course when remanded, there is a question presented and argued in the record now before us that will necessarily arise at the next trial. Therefore we deem it proper to consider and determine that question upon this record.

The note sued on fell due and became payable on Monday, March 2, 1908 (March 1, 1908, being Sunday), and it is not pretended that it was ever presented for payment at The Citizens Bank of Norfolk, Va., where it was made payable and should have been presented for payment, as shown upon the face of the note, but was only presented for payment to one Abbott Morris, and that, too, on March 5, 1908, three days after the day of the maturity of the note; this presentation being made by a "runner" for the First National Bank of Norfolk, Va., whereupon Morris wrote on the note the words, "The Virginia Medical Co. is indebted to the Security Loan and Trust Co. A. M. return," and handed the note back to the "runner."

The contention of the defendant in error is, in effect, that as Morris was president of both the Virginia Medical Co., the maker, and the Security Loan and Trust Co., the payee and blank endorser of the note, and made answer for both, putting a refusal to pay the note on the ground that the maker thereof was indebted to the endorser already, this is to be taken as a waiver of the release of plaintiff in error from liability by reason of the failure of the holder of the note to present it at maturity to the Citizens Bank of Norfolk.

We are of opinion that there is no merit whatever in this contention. In the first place, it is not pretended that Morris was the person to whom notice of the dishonor of the note should

have been given, nor that anything was said or done by anybody prior to March 5, 1908, when a "runner" of one of the banks in Norfolk presented to Morris the note in question for payment, which could have been construed as a waiver of the non-liability of the plaintiff in erorr for the payment of the note. Therefore the waiver must have arisen, if at all, after plaintiff in error's release from liability. And it is also not pretended that Morris had any authority whatever to waive the non-liability of plaintiff in error and re-establish its liability in the manner it is claimed he did, or in any other mode or manner. It is a well recognized doctrine, as applicable to this case as it is to many others, that a waiver of legal rights will not be implied except upon clear and unmistakable proof of an intention to waive such rights.

In *Tardy, Trustee* v. *Boyd's Admr.*, 26 Gratt. 637, this court said: "Although a promise to pay by an endorser with full knowledge of all the facts and of the *laches* of the holder may be held in point of law to amount to a waiver of the right to notice, yet this rule must be taken with this qualification: The promise to be obligatory must be deliberately made in clear, explicit language, and must amount to an admission of the right of the holder, or of a duty and willingness of the endorser to pay. If, therefore, the conduct or acts of the endorser be equivocal, or the language used be of a qualified or uncertain nature, the endorser will not be held responsible. Story Prom. Notes, 363."

Other questions presented in this record may or may not arise at another trial of the case, if there be one, and therefore we do not deem it necessary to consider them here.

The judgment of the lower court will be reversed, the verdict of the jury set aside, and the cause remanded with leave to defendant in error to amend his notice of motion, if he be so advised.

*Reversed.*