[No. 13128.   Department One.   March 28, 1916.]

F. H. BARDSHAR, *Appellant*, v. STEPHEN E. CHAFFEE, *Respondent*.[1]

BILLS AND NOTES—LIABILITY OF . INDORSER.   Under Rem. & Bal. Code, § 3457, an indorsement in blank implies a promise to pay the note according to its purport, but only upon demand and notice.

SAME—INDORSEMENT—LIABILITY—NOTICE OF DISHONOR.   An option in a mortgage note to declare the whole sum due upon default in payment of interest does not dispense with the necessity for presentment and demand upon the maker and notice of dishonor in order to hold an indorser; and the fact that the maker had defaulted in interest at the time it was negotiated is immaterial and does not make it demand paper.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered August 3, 1915, upon sustaining a demurrer to the complaint, dismissing an action on a promissory note and to foreclose a mortgage.   Affirmed.

*Willett & Oleson*, for appellant.

*V. O. Nichoson* and *Stephen E. Chaffee*, for respondent.

ELLIS, J.—Action upon a promissory note and to foreclose a mortgage securing it.   The plaintiff alleges, in substance, that the note was payable four years after date, bore interest from date to maturity at eight per cent per annum, payable annually in advance, and provided that, in case of default in payment of any interest, the principal, at the option of the holder, should become due and payable without notice, and that it was sold, indorsed in blank and delivered by the payee to the plaintiff when the first two annual installments of interest were due and unpaid.   There is no allegation of any indorsement on the note indicating that any interest had been paid, nor that there was any representation by the indorser to that effect.   The plaintiff, however, alleges that he did not know that there had been a de-

[1]Reported in 156 Pac. 388.

fault in payment of interest until long after a reasonable time to demand payment and, by notice of nonpayment, to hold the indorser. The action was brought more than four years after the making of the note and when it was long past due on its face, in any event. There was no presentment, protest or notice of nonpayment to the indorser.

The makers defaulted and judgment was entered against them. The indorser demurrer to the complaint. The demurrer was sustained. Plaintiff abiding by his pleading, the indorser was granted a dismissal with prejudice. Plaintiff appeals.

Briefly, appellant's position is that, because the note at the option of the holder could have been declared due without notice, and because the first year's interest was not paid in advance when the note was made, the note was demand paper at its inception and was overdue when indorsed; that therefore the indorser was not entitled to notice of nonpayment. The conclusion does not follow from the premises. The action, so far as the indorser is concerned, is on the contract implied by law from his indorsement in blank. That contract is an implied promise to pay the note *according to its purport upon demand and notice.* 1 Daniel, Negotiable Instruments (5th ed.), § 669a; Rem. & Bal. Code, § 3457 (P. C. 357 § 131). The purport of the note is that the maker will pay the principal at the specified due time four years from date, and the interest annually in advance, and upon his failure to pay any interest when due, he will, upon demand, pay both principal and accrued interest. The fact that the maker had defaulted in the interest when the note was negotiated is immaterial. The indorser did not warrant that any interest was paid. He expressly warranted nothing, nor is it alleged that he actively concealed anything. In the absence of such warranty or concealment, the note spoke for itself. It was what it purported to be. The indorser can only be held upon his implied promise to pay. The law conditions that promise upon demand and notice within a reason-

able time. These were not alleged. The complaint, therefore, stated no cause of action against the indorser.

Industrious counsel have failed to cite any authority to the effect that a provision in a note giving the holder the option to declare the whole sum due upon default in payment of interest dispenses with the necessity for presentment and demand upon the maker, and notice of dishonor in order to hold the indorser. This court has held to the contrary. *Galbraith v. Shepard*, 43 Wash. 698, 86 Pac. 1113. Neither have counsel cited any authority to sustain their claim that the indorsee of demand paper, or paper overdue, is relieved from the necessity of demand and notice of dishonor in order to hold the indorser. The authorities are to the contrary. 1 Daniel, Negotiable Instruments (5th ed.), § 611; *Beer v. Clifton*, 98 Cal. 323, 33 Pac. 204, 35 Am. St. 172, 20 L. R. A. 580; *Ecfert v. Des Coudres & Co.*, 1 Mill. (S. C.) 69, 12 Am. Dec. 609; *Rosson v. Carroll*, 90 Tenn. 90, 16 S. W. 66, 12 L. R. A. 727.

Judgment affirmed.

MORRIS, C. J., MOUNT, and CHADWICK, JJ., concur.