## 10432

### McKEE v. McGHEE *ET AL.*

#### (103 S. E. 508.)

1. BILLS AND NOTES—BURDEN ON PLAINTIFF TO PROVE NOTICE OF DIS-HONOR TO INDORSER.—Where plaintiff's allegation that the note in suit had not been paid by defendants, maker and indorser, was denied by the answer, the burden was on plaintiff to prove notice of present-ment and dishonor before-he could recover from defendant indorser; introduction of the note in evidence not being sufficient.

2. ESTOPPEL — "WAIVER" IS INTENTIONAL ABANDONMENT OF KNOWN RIGHT.—"Waiver" is the intentional abandonment of a known right, not a mere trick to catch one napping.

Before WHALEY, J., Richland, November, 1919. Re-versed.

Action on a note by J. W. McKee, Jr., against J. R. McGhee and Lily P. Boyle, as Admix. of W. L. Boyle, Deceased. From directed verdict for plaintiff, Lily P. Boyle, as administratrix, appeals.

*Messrs. Jennings & Harby* and *Lyles & Lyles,* for appellant, cite: *Under Negotiable Instrument Act, sec. 109 (28 Stat. 679), notice of dishonor may be waived; and such notice may be express or implied; but the Courts say that the waiver being in derogation of a statutory right of the indorser will not be inferred from doubtful acts or language of the endorser:* 33 L. R. A. (N. S.) 639; Ann. Cas. 1912a, 645; 82 N. Y. 481; 83 App. Div. 141; 7 Cyc. 1126. *Effect of section is to reconcile conflict between decisions of various State Courts:* 125 S. W. (Ky.) 1071; Ann. Cas. 1912a, 439. *Decisions in this State to same effect before enactment:* Harper 6 (*10); 4 Strob. L. 296; 14 S. C. 247; Harper 338 (*526). *Waiver of demand and notice not presumed, and burden is on holder to prove it:* 8 Cyc. 244. *Boyle was indorser:* 106 S. C. 472; 109 S. C. 219. *Liability of indorser:* 28 Stat. 679 (sec. 66). *Burden of proof of notice given is on holder:* 2 Dan. Neg. Inst. (6th Ed.) 1211. *And even though denial is in affirmative language, burden is not shifted:* 96 Pa. St. 135. *And is on the plaintiff:* 32 S. C. 257.

*Messrs. Graydon & Graydon,* for respondent, cite: *Motion for nonsuit and directed verdict properly refused:* 112 S. C. 457; 100 S. E. 359. *Allegations of complaint were admitted:* 105 S. C. 513. *Notice properly given:* 28 Stat. 679 (sec. 104). *And Boyle waived notice besides:* (sec. 109). *Waiver, how made:* 8 Corp. Jur. 698; 27 Am. Rep. (Tenn.) 737; 125 N. W. (Mich.) 750; 27 L. R. A. (N. S.) 516; Dan. N. Y. Inst., secs. 1090-1108; 13 Wall. 6; 20 L. Ed. 476.

June 28, 1920.

The opinion of the Court was delivered by Mr. Justice Watts.

This is a suit on a note, the cause was tried before County Judge Whaley on November 10, 1919, and resulted in a directed verdict for the plaintiff against Lilly P. Boyle, as administratrix. The other defendant, J. R. McGhee, did not put in an appearance in the case. At the close of plaintiff's evidence the defendant moved for a nonsuit, which was refused. At the close of all the evidence in the case both plaintiff and defendant moved for a directed verdict. His Honor refused defendant's motion, and granted that of the plaintiff. After entry of judgment defendant appealed, and by five exceptions imputes error, and plaintiff asks that the Court sustain the judgment on three additional grounds.

The appeal of the defendant must be sustained. His Honor was in error, both in not granting the defendant's motion for a nonsuit, and, second, in not directing a verdict in favor of the defendant. Plaintiff alleged in his complaint "that, the said note not having been paid at maturity, both J. Rutledge McGhee and W. L. Boyle were notified thereof and payment demanded, but they have refused, and still refuse to pay the same." This was denied by answer of defendant. This put in issue this question, and before plaintiff could recover the burden was on him to prove notice of presentment and dishonor, before he could recover from the defendant as indorser. The plaintiff introduced note in evidence, and rested his case. This was not sufficient. He should have gone further and shown that it was presented for payment, or notice of dishonor was given to the indorser. There is no evidence of waiver given in the case.

Waiver is the intentional abandonment of a known right, not a trick to catch one napping. The burden was on plain-

tiff to prove facts that made the indorser liable, the letters introduced fail utterly to show any waiver on the part of the defendant. There is nothing in them that waiver could be inferred from the acts or expressions of the defendant. The evidence in the case shows Boyle was an indorser, and plaintiff failed to show, as he was required to do, that he had taken necessary steps to charge defendant as indorser, and evidence introduced fails to establish such a waiver as would bind defendant and make him liable, and the trial Court should have so held.

Judgment is reversed and complaint dismissed.