# CHARLESTON.

JERRY J. HASTINGS *v.* JAMES F. GRUMP *et al.*

Submitted September 29, 1921.    Decided September 27, 1921.

1. JUDGMENT—*Notice of Motion for Judgment Serves Both as Process and Pleading.*

    A notice of motion for judgment, given pursuant to Chapter 121 of the Code, serves the double purpose of process and pleading.    (p. 112).

2. SAME—*Notice of Motion for Judgment Must State Necessary Facts.*

    The rule to view with indulgence such notice as a pleading will not excuse the pleader from stating facts necessary to show a good cause of action against defendant.    (p. 112).

3. BILLS AND NOTES—*To Render Endorser Liable Requires Presentment and Notice in the Manner Specified.*

    To render an endorser liable on a negotiable note, it must be presented at the particular time and place specified therein and timely notice of its dishonor given the endorser, unless it is alleged and proven that he in some way waived such notice.    (p. 113).

4. SAME—*Notice of Judgment Against Endorser Failing to Allege Presentment, Etc., is Insufficient.*

    If such notice for judgment against an endorser fails to allege presentment thereof and notice of dishonor or waiver of such notice by him, the cause of action is not sufficiently

pleaded, and a demurrer thereto or motion to quash on grounds going to the right of recovery should be sustained. (p. 113).

Error to Circuit Court, Ohio County.

Action by Jerry J. Hastings against James F. Gump and others. Defendant Gump's motion to quash a notice for judgment against him as indorser on a note overruled, and he brings error.

*Reversed and remanded.*

*T. S. Riley,* for plaintiff in error.
*Neely & Lively,* for defendant in error.

MILLER, JUDGE:

The first question presented is whether the court below erred in overruling Gump's motion to quash the notice for judgment against him as endorser upon the note of N. F. Clark, payable to and endorsed by him to Hastings, for $925.12.

The ground of Gump's motion to quash went to the right of plaintiff to recover and not to the sufficiency of the notice as process to answer the complaint, in that it was not alleged that the note was on the day of maturity presented for payment at the Exchange Bank of Mannington, W. Va., and notice of its dishonor given him, or waiver by him of such notice, so as to render him liable as endorser.

In our practice the notice of such motion, given pursuant to the provisions of Chapter 121 of the Code, serves the double purpose of process and declaration or pleading. *Security Loan & Trust Co.* v. *Fields,* 110 Va. 827, 67 S. E. 342. As process in this case the notice is not challenged; its substance is, and it is claimed it does not state a good cause of action against Gump, endorser on the note. It is contended, however, that the statute, intended to give a speedy and summary remedy, is to be viewed with indulgence, and that strict rules of pleading should not be applied. While this is true, the rule can not be carried to the extent of exempting the pleader from stating the facts necessary to show a good cause of action against the defendant. *Shepherd* v. *Brown,* 30 W. Va. 13, 21; *Anderson* v. *Prince and Others,*

89 W. Va.

60 W. Va. 557, and cases cited; *Security Loan & Trust Co.* v. *Fields, supra.*

To render an endorser liable on such a note, the statute, Chapter 98A Code, requires presentment and notice of dishonor. *Thompson* v. *Curry,* 79 W. Va. 771; *Rusmissel* v. *White Oak Stave Co.,* 80 W. Va. 400; *Deming National Bank* v. *Baker,* 83 W. Va. 427, 98 S. E. 438.

In the case at bar the notice does sufficiently connect the defendant Gump with the note, as endorser, and conditionally liable thereon.    But his liability was only conditional, and depended on the due and proper presentment of the note at the time and place of payment, and notice to him of the dishonor thereof, or waiver of notice, which are not challenged, and the cause of action against him is inadequately pleaded. *Security Loan & Trust Co.* v. *Fields,* (Va.), *supra.*    It was so held also in *Galbraith* v. *Shepard,* 43 Wash. 698, 86 Pac. 1113.

We reverse the judgment; and the motion to quash, treated as a demurrer to the imperfect pleading, is sustained, and the case remanded, with leave to plaintiff to amend the pleading if so advised, with costs to plaintiff in error in this court.

*Reversed and remanded.*