## 11414

### RAINWATER v. CRIDER *ET AL.*

#### (121 S. E., 262)

1. BILLS AND NOTES—ANSWER OF INDORSER, ALLEGING NO NOTICE OF PRESENTMENT AND DISHONOR, HELD TO RAISE ISSUE.—In an action on a note, an answer of defendant indorser, alleging that no notice of presentment for payment and of dishonor was ever given to her, *held,* under Civ. Code, 1922, §§ 3721, 3740, to put in issue facts essential to recovery.

2. PLEADING—ADMISSIONS HELD OF FACTS, AND NOT OF CONCLUSIONS.— Admissions in pleadings are admissions of facts, and not of adverse pleader's legal conclusions.

Before BOWMAN, J., Calhoun, May, 1923. Reversed.

Action by I. S. Rainwater against S. E. Crider and Mrs. Lilly Crider. From an order striking out answer of Mrs. Lilly Crider she appeals.

*Mr. W. R. Symmes,* for appellant, cites: *Admissions in pleadings are admissions of fact:* 47 S. C., 177. *When the answer is frivolous and where part only is frivolous:* Code Proc. 1912, Sec. 200; Black's Dict., 526; 2 S. C., 442; 54 S. C., 490; 9 S. C., 440; 6 S. C., 117; 47 S. C. 177; 27 S. C., 164; 106 S. C., 544. *Endorsers entitled to notice of dishonor.* 109 S. C., 219; 8 C. J., 525; 3 R. C. L. 1218, Sec. 440.

*Mr. C. J. Gasque,* for respondent: *Sham pleading:* 100 S. C., 196.

February 6, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

Action by plaintiff, Rainwater, against S. E. Crider and Mrs. Lily Crider, defendants, upon four notes, of which S. E. Crider was the maker and Mrs. Lily Crider an indorser. From an order of the Circuit Judge, striking out the answer of the defendant Mrs. Lily Crider as frivolous, and thereupon giving judgment against her, she appeals.

The complaint states four separate causes of action, based upon four notes given at different times for different amounts. The appeal questions the correctness of the Circuit Judge's order in striking out Mrs. Crider's answer to the first three causes of action. Each of these causes of action is stated in substantially the same form and language, the only pertinent portions of which may be briefed as follows:

(1) That on a certain date the defendant S. E. Crider, for value, made and delivered to the plaintiff his promissory note in writing, and thereby promised to pay to the plaintiff a certain sum of money "six months after date," with interest and attorney's fees, etc.

(2) "That on the same date, for value, the defendant, Mrs. Lily Crider, indorsed and signed her name on the back of said note, and thereby guaranteed to the plaintiff the payment of said note when due."

(3) "That, although said note is long past due, no part thereof has been paid by discount or otherwise, and there is still due and owing the plaintiff by the defendant" a certain sum of money, with interest and attorney's fees, etc.

The answer of the defendant Mrs. Lily Crider, in so far as pertinent here, was as follows:

"(1) Admits the allegations contained in the first three causes of action of the complaint.

"(2) This defendant admits that she indorsed the said notes set out in the said first three alleged causes of action in the complaint.

"(3) Denies that demand has ever been made upon her for payment, and denies that any notice of the presentment

for payment and dishonor of said notes were ever given to this defendant as provided by law, viz.: Acts 1914 (28 Stat.) p. 679, § 70, and by reason of his failure to give such notice to this defendant she is not liable to plaintiff in any sum whatsoever thereon."

The ruling of the Circuit Judge was erroneous. The complaint expressly alleges that Mrs. Crider was an in-dorser. The general allegation as to liability is that the notes are past due and are still owing "to plaintiff by defendant," which allegation, as it stands, is referable to the defendant S. E. Crider, who was the maker and primary obligor. Copies of the notes are not set out in the complaint, and there is no general allegation to which could be referred the performance of the conditions on the part of the plaintiff essential to fixing the liability of Mrs. Crider as indorser. See *McCrae v. Spires,* 121 S. C., 147; 113 S. E., 583. In the absence of allegations of presentment for payment and of due notice to the indorser of dishonor of the notes, or of facts sufficiently excusing the omission to comply with the requirements of law as to presentment and notice of dishonor, it might well have been questioned whether the complaint stated any cause of action against Mrs. Crider. *Treadway v. Nicks,* 3 McCord, 195; 8 C. J., 901. Certainly the allegations of the answer, to the effect that no "notice of the presentment for payment and dishonor of said notes was ever given to this defendant," expressly put in issue facts vitally essential to the recovery of judgment against Mrs. Crider. 3 Code 1922, §§ 3721, 3740. *McKee v. McGhee,* 114 S. C., 183; 103 S. E., 508. *Shull v. Gladden,* 109 S. C., 219; 95 S. E., 521.

The respondent's contentions that so much of the defendant's answer as admitted "the allegations contained in the three first causes of action of the complaint" nullified her allegations to the effect that she had received no "notice of presentment for payment and dishonor," etc., and that the form of the answer was not in compliance with the re-

quirements of Section 411, Code Civ. Proc. 1922, are untenable.

Admissions in pleadings are admissions of facts, and not of the adverse pleader's legal conclusions. *Greer v. Latimer,* 47 S. C., 177; 25 S. E., 136. It is not apparent, as indicated above, that there was any allegation of fact in the complaint the admission of which would have charged this defendant with liability; but, if there had been, the general expression as to what was admitted would be explained and controlled by the definite averment or denial of particular facts material to the general issue. The facts as to presentment and notice of dishonor constituted one defense applicable to "said notes," and the reference to the causes of action intended to be so answered is definite enough to be intelligible. But, even if open to the criticism that it was not sufficiently definite and certain in form, the answer would not thereby be rendered frivolous in a sense that would entitle the Court to strike it out and render judgment against the pleader. See *Boylston v. Crews,* 2 S. C., 442. *American Co. v. Hill,* 27 S. C., 164; 3 S. E., 82. *Adams v. Jackson,* 106 S. C., 544; 91 S. E., 863.

The judgment of the Circuit Court is reversed, and a new trial ordered as to the issues joined by the pleadings upon the first three causes of action set out in the complaint.

Reversed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.