[No. 18290. Department One. May 7, 1924.]

CHARLES M. CHAMBERLAIN, *Appellant*, v. J. A. COBB
et al., *Respondents*.[1]

BILLS AND NOTES (78, 78-3)—INDORSERS—PRESENTMENT—NOTICE
OF DISHONOR—WAIVER OF DEFAULT IN PAYMENT OF INSTALLMENT. The
holder of a note due in installments failing to give notice of dis-
honor of an installment without then exercising an option to accel-
erate the maturity of the note, releases the indorser as to that
payment only; and by giving notice of a subsequent default under
Rem. Comp. Stat., § 3493, and then exercising the option, may hold
the indorser for the balance of the note.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered April 11, 1923, upon findings in favor of the defendants, in an action on a promissory note, tried to the court. Reversed.

*F. W. Girand,* for appellant.

TOLMAN, J.—By this action appellant, as plaintiff, sought to recover from respondent Elizabeth Bauer as indorser upon a promissory note. From a judgment denying the relief sought, the plaintiff has appealed.

The note is in the following form:

"1000.00          Spokane, Wash. August 11th, 1921.

"$10.00 per month & int. after date, without grace, I promise to pay to the order of Elizabeth Bauer one thousand dollars in Gold Coin of the United States of America, of the present standard value, with interest thereon, in like Gold Coin, at the rate of 8 per cent per

[1]Reported in 225 Pac. 414.

annum from date until paid, for value received. Interest to be paid monthly and if not so paid, the whole sum of both principal and interest to become immediately due and collectible, at the option of the holder of this Note. And in case suit or action is instituted to collect this Note, or any portion thereof, I promise and agree to pay in addition to the costs and disbursements provided by statute reasonable Dollars in like Gold Coin for attorneys fees in said suit or action.
Due $10.00 per mo. & int.
At...............................
No...... ... ....................... ......    J. A. Cobb.''

It bears the endorsement of Elizabeth Bauer and A. J. McCulloch, and the evidence shows that it was acquired by appellant for value at a time when no installment was overdue. The monthly installments of ten dollars and interest are indorsed as paid on the back of the note for each month beginning with September, 1921, and ending with June 11, 1922. The evidence shows that the July, 1922, installment was not paid, and the proof is that the note was presented for payment at the maker's place of business on August 11, 1922, and payment not then being made, it was protested for nonpayment, and proper notice of such nonpayment was mailed to Mrs. Bauer at her then place of residence in the same city, on that day. Appellant seems to assume that the question is as to the giving of notice of dishonor on August 11, 1922. The respondent has not favored us with a brief of any nature.

We have little doubt from the evidence that if the dishonor of August 11 had been the first dishonor of the note, that the notice given to respondent would be sufficient to hold her; but it appears to us that there is another and more serious question in the case. According to the terms of the note, an installment of $10 and interest became due July 11, 1922, which was not paid. If the holder of the note desired to hold the

indorser on that installment it was his duty, under Rem. Comp. Stat., § 3493 [P. C. § 4174], to deposit a notice to the indorsers in the mail in time to reach them in the usual course on the day succeeding the dishonor of the note, they living in the same city. May he waive default as to the July payment, refuse to exercise his option to declare the whole amount then due, and upon a subsequent dishonor on August 11, exercise the option given him by the note, declare the whole remaining sum to be then due, and hold the indorser by demanding such payment and giving due notice of noncompliance with the demand?

There is nothing in the evidence to show that the holder of the note at any time exercised his option to accelerate maturity until he did so by demanding payment of the whole amount evidenced by the note on August 11, consequently we must assume that the note, except as to the July installment, was not due until that date; that it was, therefore, presented on the day it became due, and the demand for payment then being refused, notice mailed that day to the indorsers was a compliance with the statute.

In 8 C. J., at p. 635, after treating of notice of dishonor generally, it is said:

"The rule is equally applicable to a bill or note payable in installments, and notice must be given of the nonpayment of each installment. An omission, however, to give due notice as to one installment will not discharge the drawer or the indorser from liability for other installments."

This text is supported by *Fitchburg Mutual Fire Ins. Co. v. Davis,* 121 Mass. 121, and our search has revealed nothing in the way of an authority for a contrary holding. Treating of the question of nonpayment of the installment of interest and the right to

declare the whole debt due as a consequence, in 3 R. C. L., at p. 1214, it is said:

"In the absence of express provision a note does not become overdue merely because the payment of the interest is in default; but instruments frequently provide that if the interest is not paid when due, the payee or owner may declare the whole debt due. An option contained in a note, that the holder thereof may treat the note as due immediately upon default in the payment of an installment of interest when due, must be exercised within a reasonable time. The commencement of an action on the instrument is sufficient exercise of the holder's option to declare it due for the nonpayment of interest. There appears to be a decided conflict of authority as to whether a note expressly providing that any delinquency in the payment of any interest shall cause the whole note immediately to become due and collectible, becomes due in case of such delinquency absolutely or merely at the option of the holder. However that may be, the holder of a note who has exercised his option of considering the whole amount due for nonpayment of interest may subsequently waive this right."

We see no good reason why, upon failure to pay an installment of principal, the holder should not be in as good position, and since here the acceleration of maturity is expressly made optional with the holder, it would seem that he is not obliged to exercise that option upon the first default, but may temporarily waive that right and await the event of the next maturing installment. Of course, by so doing and the failure to give notice to the indorsers, they are discharged as to the overdue installment, but as to them the remainder of the note stands as though that installment had been paid when due and no default had been made. While the authorities which we have been able to find in the limited time at our disposal are exceedingly meager, yet we think there is sufficient to justify the

holding that appellant was entitled to judgment against Mrs. Bauer for the whole amount due on the note on August 11, 1922, after the exercise of the holder's option to declare the whole sum due, less the amount of the July installment, as to which she was released by the failure to give notice of dishonor. The protest and notice thereof were sufficient under the statute.

The judgment is reversed, with instructions to enter judgment in favor of the appellant and against Elizabeth Bauer in accordance with the views herein expressed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.