### ROSS v. RAINWATER

#### (131 S. E., 41)

1. Bills and Notes—Indorser is Discharged, in Absence of Strict Compliance With Statute.—Liability of indorser is limited, and depends on strict compliance with Civ. Code 1922, § 3740, *et seq.*, requiring notice of nonpayment; otherwise, indorser is discharged.

2. Bills and Notes—Extension of Notice of Nonpayment Must be Both Alleged and Proved.—Extension of notice of nonpayment, being an essential element of payee's cause of action against indorser, must be both alleged and proved.

3. Bills and Notes—Where Payee Relies on Waiver of Notice of Dishonor by Indorser, He Must Allege Such Waiver.—Where payee relies on waiver of notice of dishonor by indorser, he must allege such waiver.

4. Bills and Notes—Allegations of Due Notice of Nonpayment Will not Authorize Evidence of Waiver.—Allegations of due notice of nonpayment will not authorize evidence of waiver thereof.

5. Bills and Notes—Evidence of Waiver of Notice of Nonpayment by Indorser Improperly Received in Absence of Allegations of Waiver.—In action on note against maker and indorsers, where complaint contained no allegations of due notice of nonpayment or of waiver of notice, evidence as to waiver of notice was improperly received.

Before Henry, J., Calhoun, April, 1925. Reversed and remanded for new trial.

Action by Mrs. Ann Pernice Ross against S. E. Crider, Lilly W. Crider and I. S. Rainwater. Judgment for plain-

tiff against certain defendants, and defendant Rainwater appeals.

*Mr. C. J. Gasque,* for appellant, cites: *How debt on negotiable instrument pleaded:* Code Civ. Pro., 1922, Sec. 423; 3 McC., 195; 121 S. C., 147; 110 Va., 827; 92 S. E., 672; 102 Kan., 791; 8 C. J., 901. *Discharged endorser not bound by subsequent promise to pay without consideration:* 96 Ky., 150; 167 Mass., 486. *Waiver of conditions precedent must be pleaded:* 48 S. E., 259; 55 N. Y. S., 170; 82 N. Y. S., 481. *How liability of endorser pleaded:* 26 Cal. App., 646; 177 N. Y. S., 379; 108 S. E., 600; 110 Va., 827; 43 Wash., 698. *Intentional waiver of rights, based on consideration:* 84 F., 855; 63 Ohio St., 183; 43 N. Y. S., 167; 50 N. Y., 145; 30 N. Y., 164; 86 Am. Dec., 362; 23 Ore., 587; 7 Neb., 4; 78 Va., 1; 32 Conn., 21; 56 Conn., 116; 78 Miss., 522; 20 Utah 295; 163 Ill., 652. *Endorsers entitled to notice of dishonor:* Civ. Code, 1922, Sec. 3740.

*Messrs. Davis & Sharkey* and *M. M. Mann,* for respondent, cite: *Waiver of notice of protest expressed or implied:* 8 C. J., 696. *Waiver needs no new consideration:* 8 C. J., 698; 14 S. C., 247; Civ. Code, 1922, Sec. 3733. *Verbal waiver of protest:* 56 S. C., 480; 35 S. E., 408; Daniels on Neg. Inst. Sec. 1093. *Facts constituting waiver:* 14 S. C., 247. *Demurrer proper:* Code Civ. Pro., 1922, Secs. 401 and 405. *Anticipating defense:* 31 Cyc., 109. *When reply necessary:* 38 S. C., 199; 17 S. E., 732. *Rights of holder against prior parties:* Crawford's Annotated N. I. L., 4th Ed., 133.

January 11, 1926.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action against S. E. Crider, Lilly W. Crider, and I. S. Rainwater upon a note by S. E. Crider, maker, and Lilly W. Crider and I. S. Rainwater, indorsers, for $1,000, dated

January 11, 1922, due January 11, 1923, payable to the plaintiff, Ann P. Ross, or order, with interest after maturity at 8 per cent. per annum, payable annually, with 10 per cent. attorney's fees.

The defendant, S. E. Crider, made default in answering, and judgment was taken against him; the defendant, Lilly W. Crider, defendant upon the ground that notice of non-payment had not been extended to her, which defense was sustained by the trial Court, and a verdict in her favor was directed; the defendant Rainwater, defended upon the same ground. Over the objection of this defendant, evidence was admitted to the effect that, shortly after the maturity of the note, he had waived the failure of the payee to extend such notice to him, by acknowledging his liability upon the note and promising to pay it. The issue of such waiver was submitted to the jury, which found a verdict for $1,213.66 in favor of the plaintiff against him. From the judgment entered upon this verdict, Rainwater has appealed.

The main point in the appeal is whether the plaintiff, under the complaint, had the right to rely upon a waiver by Rainwater of the failure to extend notice to him of the nonpayment of the note by the maker at maturity. The complaint does not allege that such notice was extended, as unquestionably is required by Section 89 of the Negotiable Instruments Act (3 Code of 1922, § 3740), in order to bind the indorser of a note; in fact, it is conceded that Rainwater did not receive notice of the nonpayment of the note until about January 23, 1924, more than a year after the maturity of the note.

The liability of an indorser is limited, and depends upon a strict compliance with the statute (Sec. 3740, *et seq.*); otherwise, the indorser is discharged. The extension of notice being an essential element of the payee's cause of action, it must be both alleged and proved. See authorities cited in the concurring opinion of the writer in the case of *McCrae v. Spires,* 121 S. C., 147; 113 S. E., 583.

In the later case of *Rainwater v. Crider,* 127 S. C., 346; 121 S. E., 262, it is said:

"In the absence of allegations of presentment for payment and of due notice to the indorser of dishonor of the notes, or of facts sufficiently excusing the omission to comply with the requirements of law as to presentment and notice of dishonor, it might well have been questioned whether the complaint stated any cause of action against Mrs. Crider" (the indorser).

It therefore follows that, where no notice of dishonor was extended, and the payee relies upon a substitute therefor (a waiver of this requirement), the necessity of alleging such substitute is equally imperative. In 14 Enc. Pl. & Pr., 1069, it is said:

"When no notice has been given, and the plaintiff relies on facts excusing such notice or showing a waiver thereof, *such facts must be specifically alleged by the plaintiff.* This is in accordance with the rule that all the facts which constitute the cause of action must be stated by the plaintiff, and every fact on which an action depends is deemed constitutive."

In 8 C. J. 906, it is said:

"However, a waiver of facts excusing presentment, demand, protest, or notice of dishoner may be peaded in lieu thereof, and if plaintiff seeks to excuse actual presentment, demand, or notice, or delay therein, and relies on matters which are equivalent thereto, or which obviated or dispensed with the necessity of these formal requisites, or excuse the delay, he should plead these facts"—citing cases from the United States, California, Delaware, Indiana, Minnesota, Mississippi, Missouri, Nebraska, New York, Pennsylvania, Tennessee, Texas, Virginia, Alabama, Illinois, England, New Brunswick and Newfoundland.

In *Hastings v. Grump,* 89 W. Va., 111; 108 S. E., 600 (quoting syllabus by the Court), it is held:

"To render an indorser liable on a negotiable note, it must

be presented at the particular time and place specified therein, and timely notice of its dishonor given the indorser, *unless it is alleged and proved that he in some way waived such notice."*

In *Galbraith v. Shepard,* 43 Wash., 698; 86 P., 1113 (quoting syllabus), it is held:

"Where the complaint in a suit against an indorser does not allege that he waived presentment, demand, and notice, evidence of waiver thereof is inadmissible."

In *Curtis v. Bank,* 6 Blackford (Ind.), 312; 38 Am. Dec., 143 (quoting syllabus), it is held:

"Matters of excuse for not giving notice to an indorser of the nonpayment of a note cannot be proved under an averment that he had notice, but must be specially pleaded."

Nothing herein written is intended in the slightest degree to impinge upon the rule declared in the case of *Fell v. Dial,* 14 S. C., 247, to the effect that the failure to give notice to an indorser of the nonpayment of the note may be waived by the indorser and that such waiver may be proved by parol evidence.

The Court holds, in the case of *McCrae v. Spires,* 121 S. C., 147; 113 S. E., 483, that a complaint which sets out a copy of the note sued upon, and alleges that a certain amount was due thereupon by the defendant indorser to the payee, was a sufficient allegation that the payee had complied with the law of presentment, demand, and notice to the indorser. While the writer did not agree with that conclusion, the case is recognized as authority upon the point. The complaint in the case at bar contains no such allegations, and, even if it did, an allegation of due notice of nonpayment will not authorize evidence of a waiver thereof.

It follows that evidence of the defendant's waiver of notice of nonpayment should not have been received.

The judgment of this Court is that the judgment of the

Circuit Court be reversed and that the case be remanded to
that Court for a new trial.

MR. JUSTICE MARION and MR. ACTING ASSOCIATE JUS-
TICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS dis-
sent.