[No. 21962. Department One. January 21, 1930.]

ANDERS ANDERSON, *Respondent,* v. GEORGE W. SPERRY
*et al., Appellants.*[1]

*W. F. Fisher* and *Thos. R. Waters,* for appellants.
*Sather & Livesey,* for respondent.

MILLARD, J.—This is an action for recovery on a promissory note and to foreclose the mortgage securing same. The cause was tried to the court, resulting in findings and judgment in favor of the plaintiff. Defendants Sperry, indorsers on the note, alone have appealed.

Leo H. Travenshek and wife, on October 15, 1927, executed a promissory note, secured by a real property mortgage, for nine hundred and fifty dollars, payable to appellants Sperry in monthly installments. Under the terms of the note, the holder had the option of de-

[1]Reported in 284 Pac. 102.

claring the whole sum due in the event of default in the payment of any installment on its due date. The note and mortgage were acquired in due course and for a valuable consideration by respondent Anderson from appellants Sperry March 31, 1928. The note and indorsement read as follows:

"Bellingham, Washington.
"$950.00                              October 15, 1927
"After date, without grace, for value received, we promise to pay to the order of George W. Sperry and Isabella E. Sperry, at Bellingham, Washington, the sum of nine hundred and fifty dollars ($950), in monthly installments, as follows: Twenty-one and 42/100 dollars ($21.42) in twelve (12) monthly installments, beginning November 15, 1927, and the balance in monthly installments of thirty-three and 50/100 dollars ($33.50) each, until the whole principal and interest, at the rate of seven per cent (7%) per annum on deferred payments, is paid. Interest to be paid monthly.

"Payments to be made in gold coin of the United States of America, of the present standard value. In the event any monthly payment is not made, as provided, the whole sum of both principal and interest to become immediately due and collectible at the option of the holder of this note. And in case suit or action is instituted to collect this note or any portion thereof, we promise to pay, in addition to costs and disbursements provided by statute, a reasonable sum in dollars in like gold coin, for attorney's fees in said suit or action.

"It Is Hereby Agreed that the makers hereof may at any monthly date, pay any multiple of the amount due on such monthly installment.

"Leo H. Travenshek
"Cora E. Travenshek"
"Pay to Anders Anderson
"George W. Sperry
"Isabella E. Sperry"

All monthly installments due had been paid when

the note was transferred to the respondent by the appellants. The Travensheks paid to respondent the installment of April 15, 1928, but defaulted in the payment of May, June and July installments. On July 30, 1928, written notice was served upon appellant indorsers that the three installments had not been paid by the makers (the Travensheks) of the note, and that the respondent elected, under the terms of the note, to exercise his option of declaring the whole sum of principal and interest due. That notice, so far as pertinent to this action, reads as follows:

" . . . and you will please take notice that we hereby demand of you payment of all payments due and unpaid and of all future payments due and to become due. Please be advised likewise that Anders Anderson elects to declare all and every of the principal and interest due and to become due immediately due and collectible under the terms of said note and that if said note is not paid according to its terms on or before August 6, 1928, action will be brought to enforce collection of the same."

Action for recovery upon the note was instituted by respondent against the Travensheks and the appellant indorsers August 7, 1928. On motion of respondent, that cause was dismissed without prejudice September 14, 1928. On the same date, the Travensheks and the appellant indorsers were notified by respondent Anderson that:

"You Are Hereby Notified that Anders Anderson, holder of that certain note (describing same) waives his option heretofore exercised in demanding payment of both principal and interest by letter dated July 30, 1928, notice of which election was given you by letter on said date, and withdraws said notice hereby.

"This Notice is not to be construed as a waiver of his option to again declare the whole of said note due and payable in the event of future defaults in the payment of any installments to become due."

Written notice as follows was served September 15, 1928, by respondent upon the appellants:

"I HEREBY GIVE YOU, AND EACH OF YOU NOTICE that the promissory note (describing same) and indorsed by you, the said George W. Sperry and Isabella E. Sperry, to Anders Anderson, was this day presented to Leo H. Travenshek and Cora E. Travenshek for payment of the monthly installment of $21.42 due this day, which payment was refused and upon said refusal, I exercised the option given me in said note to declare the whole sum of both principal and interest to become immediately due and collectible, and presented said note again to the said Leo H. Travenshek and Cora E. Travenshek on said 15th day of September, 1928, for the payment of said entire sum of both principal and interest, which payment was refused.

"Because of the refusal of said Leo H. Travenshek and Cora E. Travenshek to meet the demands for payment of said principal installment due September 15, 1928, and because of their refusal to pay the entire principal and interest due upon said election being made as noted herein, said note is now protested for non-payment, and I look to you as indorsers for the payment thereof, both as to the installment this day due and the whole of said principal and interest due because of said election this day exercised."

On September 17, 1928, respondent instituted the present action to recover upon the note and to foreclose the mortgage.

Counsel for appellants contend that respondent is not entitled to recover, as

" . . . notice of dishonor to appellant indorsers was not given within the time required by law, or at any time for more than a month after demand had been made on the principals, the Travensheks, and after they had refused payment."

On July 30, 1928, the respondent, as holder of the note, exercised his option of declaring due the whole sum of the note because of the default by the makers

in the payment of three monthly installments, and so notified the makers and appellant indorsers. Respondent further informed the makers and indorsers that, unless the whole sum was paid on or before August 6, 1928, "action will be brought to enforce collection of the same." The duty immediately devolved upon the respondent to present the note to the Travensheks for payment, if he would take the first step necessary to charge the indorsers.

"Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment on his part. But except as herein otherwise provided, *presentment for payment is necessary in order to charge the* drawer and *indorsers.*" Rem. Comp. Stat., § 3461. (Italics ours.)

That note was dishonored if the Travensheks failed or refused to pay same.

"The instrument is dishonored by non-payment when—1. It is duly presented for payment and payment is refused or cannot be obtained; . . ." Rem. Comp. Stat., § 3474.

The liability of the appellant indorsers was conditioned on notice of dishonor properly given to them, and their liability would not commence until such notice was given, in the absence of any excuse or waiver to dispense with such notice.

"*When a negotiable instrument has been dishonored* by nonacceptance or nonpayment, *notice of dishonor must be given* to the drawer and *to each indorser, and any* drawer or *indorser to whom such notice is not given is discharged.*" Rem. Comp. Stat., § 3479. (Italics ours.)

Under Rem. Comp. Stat., § 3493, it was the duty of

the respondent, in view of the fact that all of the parties resided in Bellingham, if he desired to hold the appellant indorsers,

" . . . to deposit a notice to the indorsers in the mail in time to reach them in the usual course on the day succeeding the dishonor of the note, . . . " *Chamberlain v. Cobb,* 129 Wash. 549, 225 Pac. 414.

Presentment and notice of dishonor are necessary to charge the indorser of an installment note containing an option, which has been exercised, to declare the whole sum due for nonpayment of an installment. Applicable cases are *Galbraith v. Shepard,* 43 Wash. 698, 86 Pac. 1113, and *Bardshar v. Chaffee,* 90 Wash. 404, 156 Pac. 388, in which we held that presentment and notice of dishonor were necessary to charge the indorser of a note containing an option which has been exercised, to declare the whole sum due for nonpayment of interest.

"The rights involved here are, however, those of an indorser who was not the payee. All the cases cited, as we understand them, decide only that demand and notice are unnecessary where the rights of makers and all persons primarily liable, or those of subsequent purchasers of mortgaged property, are involved. Our attention has been directed to no case which holds that when the note provides that the option to declare the whole debt due for nonpayment of interest may be exercised, it is unnecessary in such case to make demand and give timely notice of dishonor before suit in order to charge a mere indorser. Our negotiable instruments statute seems to be specific and controlling upon this subject. Laws 1899, p. 353, § 70, provides as follows:

" 'Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. But except as herein otherwise provided, presentment

for payment is necessary in order to charge the drawer and indorsers.'

"It is thus specifically declared by our statute that presentment for payment is not necessary in order to charge persons primarily liable, such being a mere declaration of the law, as held in the decisions cited by appellant. It is, however, as specifically declared that presentment for payment is necessary in order to charge an indorser. Section 89 of the same statute, page 356, Laws of 1899, also provides that, when a negotiable instrument has been dishonored by nonpayment, notice of such dishonor must be given to the indorser, and that in the absence of such notice he is discharged." *Galbraith v. Shepard,* 43 Wash. 698, 86 Pac. 1113.

Notice of dishonor of the note was not given to the appellant indorsers until September 15, 1928. That was too late. The appellant indorsers' liability was discharged in July, 1928, when respondent exercised his option to declare the principal sum of the note due and failed to give the statutory notice to appellants of the dishonor of the note. The right of appellants to notice of dishonor not being waived by them,

"The act or declaration which is to operate as a waiver of demand, protest, or notice must be the act or declaration of the person entitled to take advantage of these formalities, . . ." 8 C. J., p. 696, § 978,

the subsequent efforts, as hereinbefore recited, of the respondent to charge the appellants as indorsers were in vain.

The appellants received due notice of Travensheks' default in the payment of the three installments of May, June, and July, 1928, and the respondent was entitled to a judgment against the appellants therefor. However, the respondent did not cross-appeal from the judgment denying recovery upon the three installments. The judgment was limited to recovery against

the appellants to the principal sum of the note less the three installments.

We conclude that the judgment must be reversed and the action dismissed. It is so ordered.

MITCHELL, C. J., PARKER, and BEALS, JJ., concur.

TOLMAN, J. (concurring)—The law as principally discussed in the majority opinion is not disputed by the respondent either in his brief or oral argument, but he seeks to avoid its force by the claim of a right to waive his first election to declare the note due on August 6, 1928.

The very essence of the doctrine of waiver is the giving up of some advantage. At the time of acceleration, the holder of the note obtained an advantage by causing it then to mature into a present cause of action, and perhaps he still has that advantage as against the maker. But as to the indorsers, secondarily liable only, that advantage was absolutely lost when their liability ceased through failure to give them the statutory notice of dishonor. When, therefore, on September 14, 1928, the respondent sought to waive his previous act, he had no claim whatever against the indorsers and no advantage as to them, and therefore had nothing whatever to waive. The situation is the same, in effect, as if the holder of the note had permitted the statute of limitations to run. Having done so, he could not waive the statute and revive a liability which had been lost, because he would have no advantage or right to waive and no act of his could restore a liability which he had permitted to become barred.

I concur in the law as defined by the majority, and add this thought as an answer to the argument presented here by the respondent.