## BRADFORD and others *vs.* FOX.

A creditor who has received from his debtor a check upon a bank, cannot return the same to the drawer, and sue on the original cause of action, without having first demanded payment. CLERKE, J. dissented.

Presenting a check to the bank, to be certified, is not equivalent to a demand of payment; and the refusal of the bank to certify it will not excuse the holder from presenting it for payment.

APPEAL by the plaintiffs from a judgment entered at a special term, in an action for goods, wares and merchandise sold to the defendant by the plaintiffs.

INGRAHAM, J. The plaintiffs sold the defendant a bill of goods, for which they received the defendant's check and gave a receipt, on the bill. The check was sent to the bank, with a request to certify the same, which was refused, and the check returned. No demand of payment was made. On the return of the check notice was given to the defendant and the present action brought on the original cause of action. On the trial the plaintiffs produced the check and offered to cancel it. The court held that payment of the check should have been demanded, and rendered judgment for the defendant. The plaintiffs appeal from this judgment.

There can be no doubt that merely receiving the check was no payment of the original indebtedness, if it was not paid; unless specially agreed to be received as such payment. And if payment had been demanded and refused, there can be no doubt of the right of the plaintiffs to resort to the original cause of action and surrender the check upon the trial. (*Taylor* v. *Allen*, 36 *Barb.* 294 ) The only questions, therefore, that arise in this case are: 1st. Whether presenting the check to be certified is equivalent to a demand of payment; and 2d. If it is not, whether a creditor who has received a check may return the same to the party and sue on the original cause of action, without making such demand.

Presenting a check to be certified is not demanding payment. The bank was under no obligation to certify the

Bradford *v.* Fox.

check, or to accept it. The instrument did not require acceptance, but payment; and the duty of the holder was not discharged until he demanded payment. This he could could not do in this case, because the check was payable to the order of the plaintiffs, and was not indorsed by them.

A request to the bank to do to the check something which they were under no obligation to the holder or drawer to do, can never be considered equivalent to a demand for payment, which, under the duty they owed to the drawer, they were bound to make, if he had funds in the bank. For a refusal to pay, under such circumstances, the drawer would have a right of action against the bank, but not for a refusal to certify.

Were the plaintiffs, then, under any obligation to present the check to the bank? It was not received in payment. They held the check as agents of the defendant, to draw the money from the bank and apply it to the payment of his indebtedness to them. The indebtedness was not discharged until the check was paid. In *Cromwell* v. *Lovett*, (1 *Hall*, 56,) Oakley, J. says: "If they (the holders) were not guilty of any negligence in the transaction whereby the defendant has sustained an injury, they may return or cancel the check and sue upon the original consideration."

The check is drawn upon moneys in the bank, belonging to the defendant. If not paid, the money still remains in the bank, the property of the defendant. He can at any time control it, and has sustained no loss by its remaining to his credit; unless the bank upon which it was drawn, has failed. In the present case no proof was furnished by either party, as to the consequences of such neglect to demand payment.

The burthen of showing that no injury had accrued from the neglect to demand payment rested upon the holder before he could return the check at the trial and recover for the original indebtedness. This was held held in *Little* v. *Phœnix Bank*, (2 *Hill*, 425,) and affirmed in the court of errors,

(7 *Hill*, 359,) viz: that delay to present the check would not have the effect to discharge the drawer, if he had not suffered loss as a consequence. This, however, to be shown by the holder, in the first instance.

The same rule should be applied to this case. The plaintiffs received a check from the defendant for the bill of goods, which they should have presented for payment. Not having done so, they must show that no injury resulted to the defendant from such neglect, before they can sue on the original indebtedness and cancel the check, upon the trial.

As the plaintiffs have not brought themselves within this rule, the judgment appealed from was correct and should be affirmed.

SUTHERLAND, P. J. concurred.

CLERKE, J. (dissenting.) A creditor, who receives a check from his debtor, receives it in payment of his demand, or does not receive it in payment of his demand. If he receives it expressly in payment of his demand, he can look alone to the check, and in his action must prove all that the law requires—such as demand of payment, &c.—to entitle him to a recovery on the check. The burthen of proving demand and non-payment, &c. devolves upon him. But where the check is not received in payment of the demand, but as a method convenient to both parties for making payment, the creditor can return the check, at any time, and resort to his action on the original demand; and, having this right, he is under no obligation, in the first instance, of proving presentation for payment, or any of those preliminaries which are necessary to entitle him to a recovery on the check alone. To be sure, he is liable for any damage which has accrued in consequence of his neglect in not presenting the check for payment, at the bank. But the burthen of proof, in the action on the original demand, devolves upon the defendant. The case in the 2d and 7th of Hill, referred to by Judge

Ingraham, was an action on the bill. On this the plaintiff relied for a recovery; and, of course, the burthen of proof was on him to show that the defendant had sustained no damage by the delay in not presenting it for payment in due time.

In this case, I think it was the duty of the defendant to show that he was damnified by the plaintiffs' omission to present the check for payment, at the bank, and that it was not necessary for the plaintiff to prove that he had demanded payment of it.

I am in favor of reversal.

Judgment affirmed.