## BENTON vs. THE CITY OF MILWAUKEE.

*October 14 — November 10, 1880.*

(1) Prima facie *evidence of title to land.* (2) *Presumption to sustain judgment.* (3) JURISDICTION *of circuit court: Objection that action was not brought to that court by appeal from city council, as required by statute.*

[1. Whether, in an action against a city for damages accruing to plaintiff as owner of a city lot from a change in the established grade of an adjoining street, mere proof of plaintiff's possession of the lot under claim of title is *prima facie* evidence of his title, is not considered.]

2. Where the court charged the jury, without any exception taken, that plaintiff had given evidence of his ownership of the lot in fee simple, and the bill of exceptions does not purport to contain all the evidence, this court must presume that full proof of title was made.

3. The charter of a city gave to lot-owners injured by a change in a street grade, a right of appeal to the common council from the assessment of damages and benefits reported by the board of public works, and a further appeal from the common council to the circuit court. It then declared that the right to such appeals should be "the only remedy for damages sustained by the proceedings or acts of said city or its officers in the matter to which such assessment relates," and that "no action at law [should] be maintained for injuries" of the kind above mentioned. *Held,* that where an action for such injuries is brought originally in the circuit court, the objection that there has never been any appeal to or from the city council is *waived* if not taken before going to trial on the merits. *Owens v. City of Milwaukee,* 47 Wis., 461, distinguished.

APPEAL from the Circuit Court for *Racine* County.

This action, for damages to a lot in the city of Milwaukee (of which plaintiff is alleged to be the owner), caused by a change in the established grade of adjoining streets, was commenced in the county court of Milwaukee county, and removed for trial to the circuit court above named. The essential averments of the complaint, including the averment of plaintiff's ownership of the lot, were put in issue by the answer. At the close of plaintiff's evidence, defendant moved for a nonsuit, on the ground that plaintiff had failed to prove that he was owner of the lot in question; but the motion was denied.

Plaintiff had a verdict and judgment, and defendant appealed.

*J. R. Brigham*, City Attorney, for the appellant, contended, among other things, that the judgment was erroneous because it included damages claimed under the second count of the complaint. The matters therein stated do not constitute a cause of action. It is alleged that the change of grade was made by ordinance of July 7, 1873, and that the actual raising of the street to the new grade was done in pursuance of an order made September 27, 1873. These dates are subsequent to ch. 129, Laws of 1873, and therefore no direct action can be maintained for such damages. *Owens v. Milwaukee*, 47 Wis., 461. The case of *Sheel v. Appleton*, 49 Wis., 125, is not applicable. By the charter of Appleton no suit can be maintained against the city unless it is first presented to the council, and an appeal from the determination of the council is the only remedy. That charter creates no new right, but merely provides for the enforcement of rights existing. The charter of Milwaukee, as modified by the act of 1873, creates a right and provides a remedy. Not even by stipulation of the parties, therefore, can this new right be vindicated in any other way than that prescribed by the statute. Sedgwick on Stat. & Con. Law, 402–405; *Gedney v. Tewksbury*, 3 Mass., 307; *Henni-*

*ker v. Railroad*, 9 Foster, 147; *Pettibone v. R. R. Co.*, 14 Wis., 443; *Davis v. R. R. Co.*, 12 id., 16. This objection can be taken in this court although not raised in the court below. *Am. Button Hole, etc., Co. v. Gurnee*, 44 Wis., 49; *K —— v. H ——*, 20 id., 239; *Smith v. Whitney*, 22 id., 439; *Thurber v. Jones*, 14 id., 16; *Wood v. Hustis*, 17 id., 419.

For the respondent there were briefs by *Wilson Graham*, his attorney, with *Jenkins, Elliott & Winkler* of counsel, and oral argument by *Mr. Jenkins*. They contended, among other things, that even if the second count of the complaint did not state a cause of action within the decision in *Owens v. Milwaukee*, 47 Wis., 461, yet a good cause of action was stated in the first count, and the *ad damnum* as to that cause exceeded the verdict and judgment. The bill of exceptions does not contain all the evidence, and this court will therefore presume that the first cause of action was proven. *Farrell v. Drees*, 41 Wis., 186; *McHugh v. R. R. Co.*, id., 75; *Lauer v. Bandow*, 43 id., 556. The exception to the sufficiency of a complaint cannot be taken for the first time in this court. See *Teetshorn v. Hull*, 30 Wis., 170; *Bowman v. Van Kuren*, 29 id., 215; *Riley v. Riley*, 34 id., 374; 5 id., appendix, p. 629, and cases cited.

COLE, J.    The learned counsel for the defendant insists that the court below erred in overruling the motion for a nonsuit. He claims that it did not appear that the plaintiff was the owner of the lot affected by the change of grade, and he says that proof of ownership was essential to give a right of recovery under the charter. To this objection it is answered that the proof in regard to the plaintiff's possession and occupancy of the lot, together with the other testimony which was given bearing upon the point, was sufficient to carry the case to the jury on the question of ownership. We are disposed to agree with counsel in this latter view. Besides, it is to be remembered that the bill of exceptions does not purport to con-

tain all the evidence which was given on the trial. And the circuit court charged that the plaintiff claimed to own the lot in fee simple, and had given evidence to prove that fact. This charge was not excepted to, and presumably it was fully warranted by the testimony. It is true, the court adds that ownership was shown by the deed introduced on the trial, but *non constat* that there was no other proof of title. Consequently we are relieved from considering the question whether, in actions of this kind, mere proof of possession under claim of title is *prima facie* evidence of ownership so as to entitle the party to recover; for we must presume, upon this record, that the plaintiff gave ample proof of title so as to establish his case.

It is further objected that the second count or paragraph in the complaint fails to state a cause of action under the ruling in *Owens v. The City of Milwaukee*, 47 Wis., 461. According to the allegations of the complaint, the grade was changed by the city authorities in July, 1873. At this time, chapter 129, Laws of 1873, was in force, the fourth section of which gives a party whose property is affected by the change of grade the right of appeal to the common council from the assessment of damages and benefits reported by the board of public works, and also the right to appeal from the decision of the common council to the circuit court of Milwaukee county. It is then enacted that, " in all cases of assessment hereafter to be made, such right of appeal to the said common council, and from the said common council to the circuit court, shall be the only remedy for damages sustained by the proceedings or acts of the said city or its officers, in the matter to which such assessment relates; and no action at law shall be maintained for injuries sustained by the proceeding or action of the said city or its officers, in the matter to which any such assessment hereafter made relates, whether such action be founded on section 18 of chapter 10 of the act mentioned in the title of this act and hereby amended, or otherwise." There is no allegation in

the second count that any appeal was taken by the plaintiff from the report of the board of public works to the common council, and from the action of the common council to the circuit court; therefore it is insisted that, under the decision in the *Owens Case*, the count clearly fails to state a cause of action. In the *Owens Case* an original action was brought in the circuit court for injuries sustained by a change of grade, and, on demurrer, it was held that the action could not be maintained, but that the remedy was by appeal under the provision above cited.

In this case, however, no objection whatever was taken in the court below that the second count did not state a cause of action, or that the remedy was by appeal; but the parties went to trial on the merits without objection. Under these circumstances, the inquiry is, Is the objection that the remedy was by appeal available in this court for the first time, or should it be deemed waived? The answer to this inquiry depends, in some degree, upon the further question, whether the circuit court had jurisdiction of the matter in controversy, or, as it is sometimes said, the subject matter of the action. If it had not, of course consent of the parties would not confer jurisdiction. But if the circuit court had jurisdiction of the matter in controversy, the charter only providing the mode by which that controversy should be brought to that court for adjudication, then it was competent for the parties to waive that mode. These principles are elementary. Now, it seems to us the parties might have agreed to waive the formality of an appeal to the common council, then to the circuit court, and have gone into the circuit court in the first instance to settle the controversy; and such was the decision of this court in the case of *Sheel v. The City of Appleton*, 49 Wis., 125. That was an action for an injury caused by a defective sidewalk. The city charter provided that "no action shall be maintained by any person against the city upon any claims or demands of any kind whatsoever, whether arising from con-

tract or otherwise, until such person shall first have presented such claim or demand to the common council for allowance;" and that " the determination of the common council disallowing, in whole or in part, any claim of any person, shall be final and conclusive, and a perpetual bar to any action in any court founded on such claim, except that such person may appeal to the circuit court, as provided in " the charter. It was held that this did not deprive the circuit court of jurisdiction of such actions *originally* brought therein; and that the objection that such claim had never been presented to the common council must be taken by demurrer or answer, or it was *waived*. Mr. Justice LYON, in that case, says that the charter ".requires that the claim must, so to speak, be filtered through the common council; that the case must go to the circuit court through that channel. The charter does not say to the court that it shall not take jurisdiction of the controversy or claim, but to the claimant that he shall not bring an ordinary action against the city to recover his claim. In other words, the prohibition of the section does not go to the jurisdiction of the court; it only deprives the claimant of legal capacity to bring an action. This being so, the objection of the plaintiff's want of legal capacity to maintain this action comes too late." This decision seems to rule this case, for there does not appear to be any ground for a solid distinction in the cases. In the *Sheel Case*, the city charter provided that no action upon any claim against the city should be maintained until the claimant had presented his demand to the common council for allowance, and the decision of the council thereon was to be final and conclusive, and a perpetual bar to any action in any court, unless the party took an appeal. Here the owner of property affected by change of grade has a double appeal: *first*, from the report of the board of public works to the common council; *second*, from the determination of the common council to the circuit court; and the charter declares that no action at law shall be maintained for such a claim.

The provisions of the two charters are substantially alike, and the decision in the *Sheel Case* is strictly applicable to the case at bar.

The restriction in both cases against bringing an original action in the circuit court relates only to the way or procedure for getting the action into that court for decision, and does not prohibit the circuit court from taking jurisdiction of an action originally commenced in that court. It is true, the right of action for an injury arising from a defective walk is given by general statute; while an action for damages caused by a change of grade is given by the charter of the city. But we cannot see that this fact can possibly affect the question, or furnish any reason for distinguishing the cases; for the fundamental question in both cases is, Has the circuit court jurisdiction of the subject matter of the action, and does the prohibition found in the charters merely relate to a legal incapacity to bring the action originally in the circuit court? If, as we have held, the effect of the prohibition was only to deprive the party of the legal capacity to bring an original action in the circuit court, requiring him to resort to his appeal, then it is manifest that the parties might waive that method of getting the cause into the circuit court. They might consent to waive the formality of an appeal, and agree that the circuit court should take jurisdiction and decide the cause in the first instance. And this they must be deemed to have done in this case by going to trial on the merits without objection that the plaintiff had his appeal. This disposes of the questions in the case.

*By the Court.*— The judgment of the circuit court is affirmed.