[No. 3569.   Decided May 1, 1901.]

GEORGE L. ROSE, *Respondent, v.* PIERCE COUNTY *et al., Appellants.*

CLAIM AGAINST COUNTY — PRESENTATION — WAIVER OF OBJECTION.
    The objection that plaintiff failed to present his claim against the county to the board of county commissioners for allowance or rejection, prior to bringing action thereon, as the statute requires, cannot be raised for the first time on appeal, but, when not urged in the trial court, will be presumed to have been waived by the county.

CONVERSION — SALE OF PROPERTY FOR ILLEGAL TAXES — LIABILITY OF
    COUNTY AND OFFICERS.
    Where a county treasurer, in an action in his own name and in that of the county to enforce the collection of a tax upon a stock of merchandise, procures the appointment of a receiver, whose actions he directs and controls, both the county and the treasurer are liable for all damages suffered by the defendant therein, by reason of the void and illegal acts of the receiver.

Appeal from Superior Court, Pierce County.—Hon. JAMES A. WILLIAMSON, Judge. Affirmed.

*Fremont Campbell,* Prosecuting Attorney, for appellants.

*H. G. Rowland* and *Sullivan & Christian,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—This is an action of conversion. The respondent, who was plaintiff below, alleged in his complaint that on the 1st day of March, 1897, he was the owner and in possession of certain personal property, consisting of a stock of drugs, medicines, proprietary articles, toilet articles, and various other goods used in the drug trade, and that on the day named the appellants unlawfully and wrongfully seized the same and converted them to their own use, to his damage in a sum named. A motion to make the complaint more definite and certain was filed by the appellants, which being overruled, they answered separately, denying the allegations of the complaint and setting up affirmatively that the property was seized for taxes assessed against one E. C. Merrill, and that it was seized and sold for the purpose of procuring funds with which to satisfy such taxes. The reply was a general denial of the new matter contained in the answer. On the issues thus made a trial was had, resulting in a judgment in favor of the respondent.

The appellants rely for reversal mainly on the fact that the record fails to disclose that the claim sued upon was ever presented to the board of county commissioners for allowance or rejection. They contend that without such presentation the action cannot be maintained, and that the question can be raised at any stage of the proceedings. In support of this they cite, *Collins v. King County,* 1 Wash. T. 416, and *Hoexter v. Judson,* 21 Wash. 646 (59 Pac. 498.) In each of these cases, however, the objection here sought to be raised was taken in the trial court; in the first, by a demurrer to the complaint, specifically pointing out the objection; and in the second, by a motion for nonsuit made at the conclusion of plaintiff's case. In the case before us the question now urged was not suggested in the

trial court, but is raised here for the first time. This being so, we are of the opinion that the objection comes too late. In *Neis v. Farquharson,* 9 Wash. 508 (37 Pac. 697), we held that the objection that there was no proof that the plaintiffs ever presented their demand or claim to the administrator for allowance or rejection, as they were required to do by the statute, could not be taken for the first time in the appellate court. In principle, there would seem to be no difference between that case and the case at bar. The statute makes it a condition precedent to the right to maintain an action against an administrator that the claim be first presented to him for allowance or rejection; and if the administrator waives this requirement of the statute, by failing to make the objection in the trial court, it must be a waiver on the part of the county to fail to object in that court that the claim sued on has not been presented to its board of commissioners. The purpose of the rule is to give the claimant an opportunity to supply the requisite pleadings or proof, as the case may require, which he cannot do if the objection is made for the first time on appeal. As bearing upon this point see the following cases: *Nye v. Kelly,* 19 Wash. 73 (52 Pac. 528); *Fitzgerald v. School District,* 5 Wash. 112-114 (31 Pac. 427); *Bank of Stockton v. Howland,* 42 Cal. 129; *Drake v. Foster,* 52 Cal. 225; *Sheel v. Appleton,* 49 Wis. 125 (5 N. W. 27); *Benton v. Milwaukee,* 50 Wis. 368 (7 N. W. 241); *Clarke v. Lyon County,* 8 Nev. 181.

The evidence disclosed that a portion of the goods described in the complaint had been sold by a receiver appointed in a suit brought by the appellants against the respondent, Rose, the said E. C. Merrill, and one McLaughlin, to recover certain taxes alleged to be due the county of Pierce by Rose and Merrill. The judgment entered in this suit was reversed by this court, and the suit

ordered dismissed. It is urged that the appellants cannot be held responsible for the acts of the receiver, and that the court erred in instructing the jury that the receiver's acts were unauthorized in law and wholly void; that his acts were in law the acts of the appellants, and that they are responsible to the respondent for them. We find no error in this instruction. The uncontradicted evidence abundantly shows that the appellant, Judson, as treasurer, together with other officers of the county, instituted the action, directed and controlled the acts of the receiver, and actively participated in all of the proceedings. These acts, being without authority of law, rendered the county, and the officers actively participating therein, liable to answer to the respondent for all damages suffered by him because of such acts. *Hoexter v. Judson,* 21 Wash. 646 (59 Pac. 498).

Errors are also assigned to the rulings of the court in the admission and exclusion of certain evidence. But an examination of the record fails to convince us that they are of sufficient merit to warrant a reversal of the case.

The judgment is affirmed.

REAVIS, C. J., and ANDERS and DUNBAR, JJ., concur.