[No. 13220. Department One. June 21, 1916.]

PENINSULA NATIONAL BANK, *Respondent*, v. PEDERSON CONSTRUCTION COMPANY, *Appellant*.[1]

BILLS AND NOTES—CHECKS. A check imposes no obligation on the drawee to pay, but is an implied promise by the drawer to pay in case it is not accepted.

SAME — "CHECKS" — WHAT CONSTITUTES. A time check of the amount due a laborer on construction work, made "payable at" a certain bank, constitutes a negotiable "check", under the negotiable instrument law, Rem. & Bal. Code, § 3392, providing that an instrument to be negotiable must contain an unconditional promise to pay; Id., § 3394, providing that a promise to pay is unconditional though coupled with a statement of the transaction which gives rise to the instrument; and Id., § 3477, providing that the use in a check of the words "payable at" a bank, is equivalent to an order on the bank to pay the amount called for.

BILLS AND NOTES — CHECKS — PRESENTMENT — REASONABLE TIME. Under Rem. & Bal. Code, § 3576, providing that a check must be presented for payment within a reasonable time, a delay of one week in presenting a check capable of presentment in two days was so unreasonable as to relieve the drawer from liability for its nonpayment by reason of the suspension of the bank.

FULLERTON, J., dissents.

[1] Reported in 158 Pac. 246.

Appeal from a judgment of the superior court for King county, Albertson, J., entered June 7, 1915, upon findings in favor of the plaintiff, after a trial before the court upon an agreed statement of facts, in an action to recover upon a check. Reversed.

*John W. Roberts* and *George L. Spirk,* for appellant.

*Morris B. Sachs,* for respondent.

MORRIS, C. J.—Action upon agreed facts. Prior to September 17, 1914, S. W. Bugbee was employed by the appellant company as a teamster in some construction work in Pacific and Lewis counties. Upon that day, there was delivered to him a voucher check reading as follows:

Hans Pederson Construction Co.          No. 794
Seattle, Washington.

Contract at Doty, Washington.          Date 9-17, 1914.

This certifies that S. W. Bugbee pay roll account No. 399 has worked as Teaming at 3, from 8-20, 1914, to 9-31, 1914. Total ...... days and 914 hours, at the rate of 60c per hr.

| | | |
|---|---:|---:|
| Amount .......................................... | | $548 40 |
| Deductions— | | |
| Board .................................... | $7 00 | |
| Commissary ............................. | 60 | |
| Hospital ........................................ | | |
| Miscellaneous ................................. | | |
| Cash on account ........................... | 310 67 | |
| Total deductions .............................. | | 318 27 |
| Due ......................................... | | $230 13 |

Camp No. 3,
Doty, Wash.
Payable at

Raymond Trust Co., Bankers,
Raymond, Washington.

for Two Hundred and Thirty and 13-100 Dollars.   (Not valid over One Hundred and Fifty Dollars.)

S. W. Bugbee,                        J. H. Barnes,
    Employee                            Superintendent

J. W. Penfield, Timekeeper

This time check must be presented at once.

No question is raised as to the limitation named in the check and that feature may be disregarded.

Bugbee took this check to St. Johns, Oregon, a suburb of Portland, and on September 21, cashed it at the respondent bank. Respondent indorsed the instrument to the First National Bank of Portland on the same day, and on the next day the Portland bank indorsed it and sent it for collection to the National Bank of Commerce, at Seattle. On September 23, the National Bank of Commerce indorsed it and sent it to its correspondent bank at Raymond, Washington. On September 24, an endeavor was made to present it for payment, but the Raymond Trust Company had, on September 23, closed its doors and suspended business, having at the time on deposit to the credit of appellant a sum in excess of $3,000. For sometime prior to this, the Raymond Trust Company had been in the habit of cashing similar checks of appellant when presented, and had, in the course of such business, cashed similar ones for Bugbee. On the same day Bugbee received the check in question, he also received from appellant a check identical, except as to amount, which was indorsed by him and deposited with the First National Bank of Portland on September 19. This check was sent by the Portland bank to Raymond, and was paid on the 21st. It is admitted that, had the check in question been presented prior to the failure of the trust company, it would also have been paid.

From the language of the trial judge in deciding the case below, it is apparent that he was of the opinion that, because of the use of the words "payable *at* Raymond Trust Company," there was no legal obligation on the part of the trust company to pay the sum named in the instrument. It is not essential that such an obligation should be created in order to make the instrument a check. The giving of a check is not the creation of an obligation, but is merely the admission by the drawer of the existence of an obligation to pay a certain sum of money. It imposes no obligation on the drawee to

pay the same as between the drawee and payee.  It is nothing more than a representation by the drawer that he has money on deposit with the drawee subject to his order, with an implied promise on the part of the drawer to pay the amount of the check in case it is not paid or accepted by the bank on which it is drawn.  1 Words & Phrases (2d Series), 661, and cases there cited.

The findings are further to the effect that an account was stated between Bugbee and appellant in the sum of $230.13, which appellant promised to pay, and that respondent became the owner of this account through assignment from Bugbee.

Section 3392, Rem. & Bal. Code (P. C. 357 § 1), provides that an instrument to be negotiable must contain an unconditional promise to pay.  Section 3394 (P. C. 357 § 5), provides that the promise to pay is unconditional though coupled with "a statement of the transaction which gives rise to the instrument."  Section 3477 provides:

"Where the instrument is made payable at a bank it is equivalent to an order to the bank to pay the same for the account of the principal debtor thereon."

It is clear to us that this instrument is a check.  The addition of a statement of the transaction out of which the indebtedness arose destroys neither its character as a check nor its negotiability.  Under § 3477 (P. C. 357 § 173), the use of the words "payable at" is equivalent to an order on a bank to pay the amount called for.  The instrument being then an unconditional promise in writing to pay a sum certain by one person to another, signed by the person giving it, and made payable at a particular bank, meets every requirement of a negotiable check as contained in our negotiable instruments law.

Section 3576 (P. C. 357 § 371), provides that a check must be presented for payment within a reasonable time after it is issued or the drawer will be discharged from liability.  Bugbee retained this check from the 17th to the 21st of Sep-

tember, when it was cashed by respondent. It was not presented at the bank where made payable until the 24th. Under the stipulation, had it been presented to the bank at any time prior to its closing on September 23, it would have been paid. This delay was unreasonable and respondent must bear the loss. It does not require from the 17th to the 24th of any given month for the holder of a check residing at Portland, Oregon, to present the same for payment at Raymond, Washington. This is evident from the fact that the check deposited with the National Bank of Portland on September 19 reached Raymond and was paid on the 21st. No transfer or series of transfers can prolong the risk of the drawer beyond a reasonable time. What would be a reasonable time is not necessary to determine, further than to say that the time taken in presenting this check was not a reasonable time. Daniel, Negotiable Instruments (6th ed.), §§ 1590, 1592 and 1595.

The judgment is reversed, with instructions to enter judgment for appellant.

MOUNT, CHADWICK, and ELLIS, JJ., concur.

FULLERTON, J. (dissenting)—In my opinion, the instrument set forth by the majority is in no sense a check within the meaning of the negotiable instruments act. Had it so been, I think the court is in error in deciding that it was not presented in time.