(September 28, 1926.)

IDAHO TRUST COMPANY, a Corporation, Respondent, v. WILLIAM EASTMAN and MABEL EASTMAN, His Wife, J. G. WRIGHT, ARTHUR HESTON and J. GLENN MILLER, Copartners Doing Business Under the Firm Name and Style of HESTON & MILLER, Appellants.

[249 Pac. 890.]

Action to Quiet Title—Pleading—Amendments—Necessary Parties—Record of Deed Prima Facie Evidence of Transfer—Motion for Nonsuit.

1. Amendments to pleadings rest largely in discretion of trial court, and its ruling thereon will not be disturbed unless it has deprived party of substantial right.

2. For defendants in action to quiet title to show that deed of one defendant to plaintiff was only a mortgage, cross-complaint was unnecessary, but general denial was enough.

3. Denying defendants in action to quiet title who had answered by general denial leave to file on day for trial amended answer and cross-complaint, bringing in additional parties and alleging deed to plaintiff to be mortgage securing debt to such others, and asking for accounting, *held* not abuse of discretion, it depriving defendants of no substantial right, but at most of convenience of having an accounting without bringing another action.

4. Court can at any stage of proceeding bring in any additional parties necessary for complete determination of issues, on testimony showing the necessity.

5.  Record of warranty deed, duly executed, acknowledged and recorded, makes *prima facie* case of absolute transfer.

6.  Motion for nonsuit must specifically set forth grounds relied on.

APPEAL from the District Court of the Tenth Judicial District, for Lewis County.  Hon. Miles S. Johnson, Judge.

Action to remove cloud on title.  Judgment for plaintiff. *Affirmed.*

F. E. Fogg, P. W. Mitchell and W. C. Arnold, for Appellants.

Great liberality should be shown in allowing amendments to pleadings and in furtherance of justice. (C. S., sec. 6726.)

Defendants under allegations shown in cross-complaint were entitled to affirmative relief, not only against the Idaho Trust Company, but against the parties sought to be made new parties, and therefore the cross-complaint was an essential pleading to a complete determination of the controversy depending on the transactions upon which plaintiff's action was brought and affecting the property to which the action relates. (C. S., sec. 6699; *Carey Lake Reservoir Co. v. Strunk,* 39 Ida. 332, 227 Pac. 591; *First National Bank of Hailey v. Bews,* 3 Ida. 486, 31 Pac. 816.)

Publisher's Note.

1.  See 21 R. C. L. 572.

4.  See 20 R. C. L. 694.

6.  See 9 R. C. L. 207.

See Appeal and Error, 4 C. J., sec. 2757, p. 799, n. 34; p. 800, n. 37 New, 48 New, 49.

Deeds, 18 C. J., sec. 544, p. 440, n. 82.

Mortgages, 41 C. J., sec. 114, p. 345, n. 8.

Pleading, 31 Cyc., p. 368, n. 9; p. 470, n. 79; p. 476, n. 32; p. 477, n. 50.

Quieting Title, 32 Cyc., p. 1364, n. 61, 62, 63; p. 1368, n. 91.

Trial, 38 Cyc., p. 1552, n. 65.

Cross-complaint in action to quiet title is a necessary and proper pleading where defendants seek equitable relief against holder of legal title. (*Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511.)

Where rights of parties cannot be properly determined without bringing in other parties the court should permit the defendant to file a cross-complaint and require such other parties to be brought in. (C. S., sec. 6657; *Weiser Irr. Dist. v. Valley etc. Co.,* 28 Ida. 548, 155 Pac. 484; *Bank of Roberts v. Olaveson,* 38 Ida. 223, 221 Pac. 560; *Smith v. Rader,* 31 Ida. 423, 173 Pac. 970; *Campbell v. Kerns,* 13 Ida. 287, 90 Pac. 108.)

The refusal of the trial court to grant permission to amend pleadings was an abuse of discretion and reversible error. (*Harrison v. Russell & Co.,* 17 Ida. 196, 105 Pac. 48, and cases cited; *Phy v. Edgerton,* 40 Ida. 67, 231 Pac. 426; *Mole v. Payne,* 39 Ida. 247, 227 Pac. 23.)

Cox & Martin, for Respondent.

The refusal to permit a proffered amendment made on the morning of trial, which materially changed the issues and sought to bring in new parties, was not an abuse of judicial discretion. (*Fralick v. Mercer,* 27 Ida. 360, 148 Pac. 906; *Small v. Harrington,* 10 Ida. 499, 79 Pac. 461; *Lowe v. Long,* 5 Ida. 122, 47 Pac. 93; *Hallett v. Larcom,* 5 Ida. 492, 51 Pac. 108; *Cady v. Keller,* 28 Ida. 368, 154 Pac. 629.)

It is not error to overrule a motion for nonsuit that fails to specify the particular reasons upon which it is based. (*People v. Banyard,* 27 Cal. 470; *In re Higgins Estate,* 156 Cal. 257, 104 Pac. 6; *Smalley v. Rio Grande W. Ry. Co.,* 34 Utah, 423, 98 Pac. 311; *Idaho Merc. Co. v. Kalanquin,* 7 Ida. 295, 62 Pac. 925; *Givens v. Keeney,* 7 Ida. 335, 63 Pac. 110; *Colvin & Rinard v. Lyons,* 15 Ida. 180, 96 Pac. 572; *Wright v. Fire Ins. Assn.,* 12 Mont. 474, 31 Pac. 87, 19 L. R. A. 211; *Hammer v. Campbell Automatic Gas Burner Co.,* 74 Or. 126, 144 Pac. 396.)

A fee simple is presumed to pass by the execution, delivery and acceptance of a warranty deed. (C. S., sec. 5376.)

The contents of a warranty deed are conclusive against the grantors. (C. S., sec. 5378.)

McNAUGHTON, District Judge.—On February 28, 1925, the Idaho Trust Company filed its complaint against William Eastman and wife, J. G. Wright and Heston & Miller, charging that on January 21, 1922, the Eastmans, for a valuable consideration, by warranty deed, conveyed to plaintiff the land involved, and claims that by virtue thereof plaintiff became and is the owner. Plaintiff charges that after the execution, delivery and recording of said deed, defendants Wright and Heston & Miller caused said real property to be attached in action against the Eastmans, reciting in the notices of levy that plaintiff's deed was given as security for an indebtedness, and charged that the recitals in the notices of levy were without foundation and cast a cloud upon plaintiff's title, and also charged that defendants Eastman wrongfully claimed some right, title or interest in the property and that plaintiff is entitled to have the cloud cast upon its title by said notices of levy of attachment removed and its title quieted against the claims of defendants. In the prayer it asks an adjudication, finding and decreeing said deed to be an absolute conveyance, and that all claims of defendants be barred.

On March 21, 1925, a general demurrer was filed for all defendants. April 8, 1925, a special demurrer was filed for all defendants; also a motion to strike certain allegations of the complaint, among others the allegation of damages in the sum of $1,000; also a motion to separately state the causes of action. The allegation for damages was withdrawn and time to answer was, by stipulation, extended to May 15th, on which date answer by general denial was filed on behalf of all defendants.

On May 21st the case was placed on the trial calendar and set for trial on May 27th, and on that date, when the case

was called, defendants tendered an amended answer and cross-complaint, which, if sustained, would not only defeat plaintiff's case, but would entitle defendants to affirmative relief against the Idaho Trust Company and others sought to be made parties defendant in the cross-complaint. The gist of the answer and cross-complaint is a denial of ownership or any beneficial interest in plaintiff and a claim that the deed to plaintiff was given as security for an indebtedness due from the Eastmans to third parties, namely, The Union Securities Company, The Union Farm Land Company, The Farmers State Bank, L. N. Swift and C. W. Kettman, Defendants, by the cross-complaint, seek to have said deed adjudged a mortgage and to have the Eastmans restored to the possession of said land, and ask for an accounting between the parties to the cross-complaint to determine the amount due on account of the said alleged indebtedness.

Defendants also filed a motion to bring these additional parties into the case. The motion and application to file an amended answer and cross-complaint were supported by an affidavit of one of the attorneys for defendants. The court denied the application to file the cross-complaint and overruled the motion for additional parties and reset the case for May 29th, on which date the case was again called for trial and an oral motion for continuance was made and overruled. Exhibit "A," being a record of a warranty deed executed by the Eastmans as husband and wife, conveying the premises in question to plaintiff, was offered and received in evidence and plaintiff rested.

Defendants moved for a nonsuit, which was overruled, and defendants rested.

Judgment was for plaintiff and this appeal was taken.

The assignments of error may be grouped for convenience so that they present two main questions. 1. Was there reversible error in denying defendant's application to file the amended answer and cross-complaint tendered, and in denying the motion to bring in additional parties named as defendants in the cross-complaint, and proceeding to trial on

the original complaint and answer thereto? 2. Was there reversible error in denying defendant's motion for nonsuit?

Directing attention to the first question, a defendant in an action to quiet title, may, in the first instance, properly file with his answer a cross-complaint seeking to quiet his title in the property against plaintiff. Now, assume, without deciding, that he may, under C. S., sec. 6699, make several additional parties defendant to the cross-complaint, who, it is claimed, are the real parties in interest, yet it must be remembered in this case defendants did not do so. They answered, and only on the day that the case had been set for trial asked leave of court to amend the answer and file a cross-complaint bringing in several additional parties, and asked that the setting of the case be vacated.

[1] It is thought that a trial court must have and exercise some power in bringing cases to trial, and to that end it has been repeatedly held in this state that amendments to pleadings must rest largely in the discretion of the court, and rulings thereon by the trial court will not be disturbed on appeal, except it appear that the exercise of said discretion has deprived the party complaining of some substantial right. (*Palmer v. Utah & N. Ry. Co.*, 2 Ida. 382, 16 Pac. 553; *Fralick v. Mercer*, 27 Ida. 360, 148 Pac. 906.)

[2–4] Assuming that defendants, in an action to quiet title, might have originally filed the amended answer and cross-complaint which was tendered on the day the case was set for trial, was the refusal of the court to receive it when so tardily tendered, a denial to defendants of a substantial right? We do not think it was. We do not think defendants were deprived of any substantial right, that is, we think it was not essential that the matter in the cross-complaint be litigated in this action to avoid its being barred as adjudicated under C. S., sec. 6696. If the claims tendered in the cross-complaint must necessarily be tendered in this case for trial or be barred, or any defense to the complaint lost, a different question would arise here. We think such is not the case.

In *Bacon v. Rice,* 14 Ida. 107, 93 Pac. 511, this court said:
"In an action to quiet title, where a defendant relies upon
title in himself, a cross-complaint is not necessary." (*Miller
v. Luco,* 80 Cal. 257, 22 Pac. 195; *Bulwer Con. Mining Co.
v. Standard Con. Mining Co.,* 83 Cal. 589, 23 Pac. 1102;
*Mills v. Fletcher,* 100 Cal. 142, 34 Pac. 637.)

See, also, *Coghlan v. City of Boise,* 36 Ida. 613, 212 Pac.
867.

Clearly the matters of difference between defendants and
plaintiff were at issue and the court could have dismissed
the complaint or adjudged the deed to be a mortgage.

Therefore, if the ruling deprived defendants of any right
it was not a substantial right in the sense of saving for them
a cause of action, but only the right to a convenience, the
convenience of having determined in plaintiff's case, a
matter which, if not there litigated, might require them to
bring another action.

It appears to us doubtful if the ruling even deprived de-
fendants of a convenient method of disposing of the matters
in dispute because an orderly proceeding required a deter-
mination as to whether or not the deed in question was given
as a conveyance or as security, before any accounting could
be taken up in which third parties were interested. By the
trial court's rulings defendants were deprived of no defense
to plaintiff's claim. If the cross-complaint had been filed by
the trial court, the issue which was tried would have been
the same without advantage, that we can see, to defendants.
As it was, any evidence was admissible which would tend to
establish that this deed was a mortgage, and we think this
court may presume that if the defendants had any such tes-
timony, in fairness to the court and in the furtherance of
justice, it would have been presented on that issue when it
was squarely raised. Of course, under these proceedings,
had the defendant been able to establish that this deed was
a mortgage, another action might have been necessary to
determine the amount of the indebtedness and to whom it
was due. But that issue could not have been presented in
any event before the issue which was tried was determined.

It is therefore thought that by the ruling the defendants were deprived of no substantial right and that there was no abuse of discretion in proceeding to try out the issue that was before the court. In this behalf it should be remembered that the trial court had the power to bring in any necessary parties for a complete determination of the issues before it at any stage of the proceedings, if, by the testimony, such necessity might appear.

[5] Under the second point it is thought that the record of a warranty deed duly executed, acknowledged and recorded makes a *prima facie* case of an absolute transfer in this state.

[6] It might also be observed that the motion for nonsuit is in the following language: "At this time, your Honor, we move that the plaintiff in this action be nonsuited." A motion for nonsuit must specifically set forth the grounds relied upon; otherwise it is not error for the court to overrule the motion. (*Idaho Mercantile Co. v. Kalanquin*, 7 Ida. 295, 62 Pac. 925; *Mole v. Payne*, 39 Ida. 247, 227 Pac. 23.)

The judgment is hereby affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Budge and Givens, JJ., concur.