FREDA C. WACHTEL, Plaintiff, v. ZARA B. ROSEN and Others, Defendants.

Supreme Court, New York County, April 7, 1927.

Bills and notes — checks — complaint in action on check given by defendants' testator alleges bank refused to certify check — complaint did not allege presentment to bank — drawee does not contract that check will be certified — complaint insufficient.

This complaint, in an action to recover on a check, issued by defendants' testator, alleging that the check was presented to the drawee bank for certification and that the bank refused to certify it, but which fails to recite that the check was presented for payment and that payment was refused, does not state facts

Supreme Court, April, 1927.                    [Vol. 129

sufficient to constitute a cause of action, for the drawee of a check contracts that it will be paid on presentment, not that it will be certified.

A bank owes no duty to the drawer to certify checks drawn by him. Its obligation is to honor such checks when properly presented if the drawer has sufficient funds in the bank.

MOTION by defendants under rule 106 of the Rules of Civil Practice to dismiss the complaint in action by holder of check issued to her by defendants' testator.

*Barron, Rice & Rockmore* [*George P. Halperin* of counsel], for the plaintiff.

*Carter, Ledyard & Milburn* [*Sidney W. Davidson* of counsel], for the defendants.

WASSERVOGEL, J. Plaintiff, as holder of a check issued by defendants' testator to her, sues his personal representatives, alleging in her complaint the making and delivery of the check to her, its presentation to the drawee bank "*for certification,*" the refusal of the bank to certify, and due notice of such refusal to the drawer. Defendants move, under rule 106 of the Rules of Civil Practice, for judgment dismissing the complaint, on the ground that it appears upon its face that it does not state facts sufficient to constitute a cause of action, and they charge as a specific defect that the complaint fails to allege that the check was presented to the drawee for payment and that payment was refused.

Plaintiff contends that the refusal of the drawee bank to certify the check is, under the Negotiable Instruments Law, tantamount to a dishonor, which renders presentment for payment unnecessary, and that to hold otherwise would of necessity seriously restrict the effect of certifications in the commercial world. I do not agree with this contention. The drawee of a check contracts that it will be paid on presentment, but not that it will be certified. The bank owes no duty to the drawer to certify checks drawn by him; its obligation is to honor such checks when properly presented, if the drawer has sufficient funds in the bank's possession. (*Bradford* v. *Fox,* 39 Barb. 203; *Lipten* v. *Columbia Trust Co.,* 194 App. Div. 384.)

Motion to dismiss complaint granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days, upon payment of such costs. Order signed.