FRIEDA C. WACHTEL, Appellant, v. ZARA B. ROSEN et al., as Executors of ARTHUR WACHTEL, Deceased, Respondents.

(Submitted October 26, 1928; decided November 27, 1928.)

*George P. Halperin* and *Daniel Katz* for appellant. The refusal of the drawee bank to certify the check herein sued upon, upon due presentment of said check to it by the payee for certification, constituted a dishonor of the instrument and afforded an immediate right of action to the payee as against the drawer, upon due notice of such dishonor to the drawer. (*Casper* v. *Kuhne,* 140 N. Y. Supp. 86; 159 App. Div. 389; *State Bank* v. *Weiss,* 46 Misc. Rep. 93; *Riddel* v. *Bank of Montreal,* 145 App. Div. 207; *Harris* v. *Clark,* 3 N. Y. 93; *Kuflick* v. *Vaccaro,* 103 Misc. Rep. 239; *Schlesinger* v. *Kurzrock,* 47 Misc. Rep. 634; *National Park Bank* v. *Saitta,* 127 App. Div. 624; 196 N. Y. 548; *Allen* v. *Suydam,* 20 Wend. 321; *Bachelor* v. *Priest,* 12 Pick. [Mass.] 399; *Oxford Bank* v. *Davis,* 4 Cush. [Mass.] 188; *Feigelman* v. *Lefrak,* 184 N. Y. Supp. 582; *Ewald* v. *Faulhaber Stable Co.,* 105 N. Y. Supp. 114; *Cassel* v. *Regierer,* 114 N. Y. Supp. 601; *Kuflick* v. *Glasser,* 114 N. Y. Supp. 870.)

*Sidney W. Davidson* and *William D. H. Stanley* for respondents. The complaint does not allege facts constituting dishonor and, therefore, does not state a cause of action. (*Judd* v. *Smith,* 3 Hun, 190; *Goodwin* v. *Cobe,* 24 Misc. Rep. 389; *Harker* v. *Anderson,* 21 Wend. 372; *Lipten* v. *Columbia Trust Co.,* 194 App. Div. 384; *Davenport* v. *Palmer,* 152 App. Div. 761; *Minot* v. *Russ,* 156 Mass. 458; *Union Bank of Canada* v. *Nettleton,* 55 Ont. L. R. 643.) The Negotiable Instruments Law does not provide that a check is dishonored by a refusal to certify it at the payee's request. (*People ex rel. Municipal*

*Gas Co.* v. *Rice*, 138 N. Y. 151; *People ex rel. Municipal Gas Co.* v. *P. S. Comm.*, 224 N. Y. 156; *People* v. *Frudenberg*, 209 N. Y. 218; *Commonwealth* v. *Wright*, 55 Mass. 46; *Randolph National Bank* v. *Hornblower*, 160 Mass. 401; *Farmers & Mechanics Bank* v. *Butchers & Drovers Bank*, 16 N. Y. 125; *Haddock, Blanchard & Co.* v. *Haddock*, 192 N. Y. 499; *Chapman* v. *White*, 6 N. Y. 412; *Raesser* v. *National Exchange Bank*, 112 Wis. 591; *Columbia Nat. Bank* v. *German Nat. Bank*, 56 Neb. 803; *Glennan* v. *Rochester Trust & S. D. Co.*, 209 N. Y. 12.)

POUND, J. The complaint herein alleges that Arthur Wachtel, defendants' testator, gave his check to plaintiff, drawn on the National Park Bank and that such check was duly presented by such holder for certification and certification refused. The complaint has been dismissed for failure to state facts sufficient to constitute a cause of action. An appeal to this court has been allowed on a certified question: " Does the complaint herein state facts sufficient to constitute a cause of action? "

The basic question is whether the refusal by a drawee bank to certify a check at the request of the holder amounts to dishonor of the instrument, the same as the refusal of acceptance of a bill of exchange other than a check, so that the holder may sue the drawer as if the check had been presented for payment and payment had been refused.

The general rule is that a check is of right presentable only for payment and that the bank is under no obligation to certify, although it may do so (*Bradford* v. *Fox*, 39 Barb. 203; revd. on other grounds in 38 N. Y. 289; *Minot* v. *Russ*, 156 Mass. 458), but it is urged that the Negotiable Instruments Law has made a contrary statutory rule on the subject. No controlling decision on the point has been cited.

Section 321 of the Negotiable Instruments Law (Cons. Laws, ch. 38), provides:

"A check is a bill of exchange drawn on a bank payable on demand. *Except as herein otherwise provided the provisions of this chapter applicable to a bill of exchange payable on demand apply to a check.*"

Section 111 provides:

" The drawer [of a bill] by drawing the instrument admits the existence of the payee and his then capacity to endorse; *and engages that on due presentment the instrument will be accepted and paid, or both, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder,* or to any subsequent endorser who may be compelled to pay it. But the drawer may insert in the instrument an express stipulation negativing or limiting his own liability to the holder."

From these two sections it is argued that the drawer of a bill of exchange known as a check engages that, on due presentment, the instrument will be accepted, or certified, although it is not questioned that a check is, generally speaking, presented only for payment and not for acceptance.

If the Negotiable Instruments Law, in connection with the certification of checks, makes other provisions than those contained in section 111 which impliedly exclude the construction which places upon the drawer of a check the undertaking that the bank will on demand certify the check, the rule of the common law has not been changed.

Section 323 of the Negotiable Instruments Law provides:

" Where a check is certified by the bank on which it is drawn the certification is equivalent to an acceptance."

Section 324 provides:

" Where the holder of a check procures it to be accepted or certified *the drawer and all endorsers are discharged from liability thereon.*"

Section 325 provides:

"A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, *and the bank is not liable to the holder, unless and until it accepts or certifies the check.*"

These provisions indicate that the common law of checks has not been changed by the statute. When the bank certifies a check at the request of the holder, a new obligation is created. The drawer and all the indorsers are discharged from liability thereon. When a bill of exchange is accepted the drawer is not discharged. (Neg. Inst. Law, § 111, *supra*.) In section 324 we find the " herein-otherwise-provided " which qualifies section 321. Section 111 does not apply to a certified check and section 324 does not apply to the drawer of a bill of exchange other than a check, so far as the engagement of the drawer to pay is concerned. Certification differs in effect from mere acceptance of bills other than checks in that it is not an added obligation but a substituted obligation. Although section 323 provides that " certification is equivalent to an acceptance," the meaning is merely that certification is a synonym of acceptance. It does not mean that the same effect is to be given to certification as is given to the acceptance of an ordinary bill of exchange. The certification of a check by the bank is equivalent to payment. When the holder of a check sees fit, instead of receiving the money, to take the obligation of the bank for payment, the transaction is of the same effect as if he drew the money and then bought the bank's obligation with it.

I am unable to discover any justification or necessity for reading into the Negotiable Instruments Law any change of the existing rule. It would have been simple to provide, if such had been the legislative purpose, that the refusal of a bank to certify a check when presented by the holder amounted to the dishonor of the check, or that it should be the duty of a bank to pay or certify a check on presentment. The engagement of

the drawer of a check is that it will be paid on present-ment. Nothing in the Negotiable Instruments Law necessarily alters this rule.

The order appealed from should be affirmed, with costs, and the question certified answered in the negative.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order affirmed, etc.