[No. 25685. *En Banc.* March 4, 1936.]

NELLIE M. FICK, *Respondent,* v. J. WILL JONES *et al.,*
*Appellants.*[1]

*Ned Roney* and *J. Will Jones,* for appellants.
*Altha P. Curry,* for respondent.

BLAKE, J.—Plaintiff brought this action on a check,
drawn by defendant J. Will Jones, in words and figures
as follows:

[1] Reported in 55 P. (2d) 334.

"Founded
"Peoples Bank and Trust Company
1889
Seattle, Wash., Feb. 18th, 1929
No. 3227
"Pay to the order of E. P. Fick,      $200.00
"Two Hundred Dollars      J. W. Jones."

From judgment for plaintiff, defendants appeal.

It was neither alleged nor proven that the check was ever presented to the bank for payment. On the contrary, the trial court found that it had not been. It was found, however, that respondent presented the check to the appellants, who refused to pay it. (This so-called presentment was made in July, 1933.)

At the close of respondent's case, appellants challenged the sufficiency of the evidence. Appellants' position is that an action cannot be had against the drawer of a check without allegation and proof of presentment and demand on the drawee. The principle so asserted seems to be supported by unanimous authority; at any rate, none to the contrary has been called to our attention. *Wachtel v. Rosen*, 249 N. Y. 386, 164 N. E. 326, 62 A. L. R. 374; *First Nat. Bank of Belle Plaine v. McConnell*, 103 Minn. 340, 114 N. W. 1129, 14 L. R. A. (N. S.) 616, 123 Am. St. 336; *Haynes v. Wesley*, 112 Ga. 668, 37 S. E. 990, 81 Am. St. 72; 5 R. C. L. 544; Rem. Rev. Stat., § 3452 [P. C. § 4132].

In 3 Daniel on Negotiable Instruments (7th ed.) 1809, § 1771, it is said:

"It is the general rule, in respect to checks, that the holder has no recourse upon the drawer until the check has been presented to the bank, and payment refused; and such presentment and refusal are essential preliminaries to an action against him."

In a note on the same page, we find:

"The Negotiable Instrument statute has not changed the rule that the holder of a check payable to his order

cannot bring suit against the drawer without proving presentment to the drawee and refusal of payment (Appendix, secs. 70, 185). *Rodrigeux v. Hardouin,* 15 La. App. 112, 131 So. 593. Unless the drawer has stopped payment. *Patterson v. Oakes,* 191 Iowa, 78, 181 N. W. 787. The difference between the drawer of a check and the maker of a note is that the latter is primarily liable on the instrument, while the former is not (Appendix, secs. 61, 192)."

But, says respondent, the appellant waived presentment, demand and notice of dishonor. There may be circumstances under which such steps may not be required of the payee, as when the drawer has no right to expect or require that the drawee will honor the instrument, or when the drawer has countermanded payment. Brannan's Negotiable Instruments Law (5th ed.), § 114. The burden, however, is on the plaintiff, in such cases, to allege and prove such facts as will establish a waiver. *Galbraith v. Shepard,* 43 Wash. 698, 86 Pac. 1113. There are no such allegations in the complaint. Nor do we find evidence of any word, act or conduct on the part of appellant tending to establish a waiver. When the check was presented to him in 1933, he simply refused to pay it.

Respondent contends that failure to present a check to the drawee does not release the drawer, unless he sustains loss or injury in consequence of such failure; that no loss or injury is shown by appellants. A number of cases are cited which, it is asserted, support this contention. *Morris-Miller Co. v. Von Pressentin,* 63 Wash. 74, 114 Pac. 912, is typical. These cases, however, go only to the extent of holding that the *debt,* which the check was designed to pay, is discharged only to the extent that the drawer has sustained loss by the failure or negligent delay of the payee to present the check to the drawee for payment. The issue of loss or injury to the drawer in these cases arises

when he claims the *debt* is discharged by reason of negligent delay of the payee in presenting the check for payment. See *Peninsula Nat. Bank v. Pederson Const. Co.,* 91 Wash. 621, 158 Pac. 246. Such cases do not in any degree encroach upon the rule that present-ment, demand and notice of dishonor are essential pre-requisites to an action against the drawer on a *check.* And that is what this action is. It is not an action on any debt which the check may have been designed to discharge.

■ Finally, respondent seeks to sustain the judg-ment on the ground that the sufficiency of the complaint and evidence cannot be reviewed in this court. This contention is predicated on the fact that no demurrer was interposed to the complaint and no argument was made in support of the challenge to the sufficiency of the evidence. In support of her position, respondent cites *Rose v. Pierce County,* 25 Wash. 119, 64 Pac. 913, where it was held that the county could not, for the first time, in this court object that there had been a failure of allegation and proof of the filing of a claim. This holding was predicated on the theory that the complaint was capable of amendment. Under the facts found in this case (to-wit, that the check had not been presented to the drawee), the complaint could not be amended so as to state a cause of action, because re-spondent herself testified that the check had never been presented to the drawee. The challenge to the suffici-ency of the evidence raised the issue in the court below. *O'Day v. Ambaum,* 47 Wash. 684, 92 Pac. 421, 15 L. R. A. (N. S.) 484; *Ward v. Magaha,* 71 Wash. 679, 129 Pac. 395; *Hamilton v. Johnson,* 137 Wash. 92, 241 Pac. 672. In the case first cited, this court, construing what is now Rem. Rev. Stat., § 263 [P. C. § 8350], said:

"Bal. Code, § 4911 (P. C. § 378), provides that the objection that the complaint does not state facts suffi-

cient to constitute a cause of action can be made at any stage of the proceedings. This court, however, has held that a defendant's failure to interpose a demurrer to a complaint, followed by an objection to its sufficiency made for the first time at the trial, will cause the court, in passing upon such objection, to bring to the support of the complaint every reasonable intendment and legitimate inference that may be drawn from its allegations, and also from the evidence adduced to sustain the plaintiffs' cause. If, on an application of this test, it appears that the defect in the plaintiffs' complaint and cause of action is one of substance which cannot be cured by amendment or evidence, then it is the duty of a trial court to sustain the objection and dismiss the action.''

Applying the test to the facts disclosed by this record, the challenge to the sufficiency of the evidence must be sustained.

The judgment is reversed and the cause remanded, with directions to dismiss.

MILLARD, C. J., MAIN, MITCHELL, STEINERT, and GERAGHTY, JJ., concur.

BEALS, J. (dissenting)—As stated in the majority opinion, respondent sued upon the check referred to therein. Appellants did not demur to the complaint, but answered, admitting the execution and delivery of the check February 18, 1929, and that the check was presented to appellant J. Will Jones during the month of July, 1933, and payment thereof demanded, such payment having then been refused. By way of an affirmative defense, appellants pleaded payment of the "check and the debt evidenced thereby."

Upon the trial, the check was offered in evidence and received without objection, respondent's evidence being to the effect that the amount thereof was due to her, she testifying also that the check had been, during the month of July, 1933, presented to appellant J. Will

Jones, who refused to pay the same. On cross-examination, respondent stated that the check had never been presented to the drawee bank. On re-direct examination, respondent testified that the check had been mislaid, and that the failure to present the check for payment at an earlier date was due to oversight. At the close of respondent's case, both sides rested, and appellants then "challenged the sufficiency of the evidence to warrant a judgment for plaintiff." Counsel for both parties waived argument, and the court thereupon rendered judgment in respondent's favor.

It affirmatively appears, therefore, that appellants failed to present any argument in support of their challenge, and did not call the attention of the court to the point upon which they now rely and upon which the majority hold that they should prevail, to-wit, that the check was never presented to the drawee bank for payment. Respondent's failure to present the check to the bank resulted in no loss to appellants. They cannot, therefore, prevail upon the theory that they have suffered damage by reason of respondent's failure to present the check to the bank. Appellants' defense, as here urged, is highly technical, and they should not prevail thereon unless the law clearly requires such a holding. In my opinion, no such ruling is required or even proper.

Appellants did not demur, but answered. By their answer, they admit the presentation of the check to them and their refusal to pay. They affirmatively pleaded payment of the check and the debt evidenced thereby. Upon these pleadings and the evidence disclosed by the statement of facts, in my opinion, the trial court properly rendered judgment in respondent's favor. Appellants admitted the drawing of the check and that the same was based upon a valid consideration. In view of the lapse of time between the

drawing of the check and its presentation to appellants, their refusal to pay the same, in the absence of any request on their part that the check be presented to the bank, constituted a repudiation of the check, and justified respondent in bringing this action. Appellants' answer merely made the situation clearer in respondent's favor, and when appellants abandoned their affirmative defense by failing to offer any evidence in support thereof, the state of the pleadings and the evidence justified the judgment which was rendered.

There is another reason why respondent should prevail here. Appellants failed to call the attention of the trial court, by argument in support of their challenge to the sufficiency of the evidence, to the point upon which they now rely. The challenge was general and not specific. While it is true that respondent could not have amended her complaint by alleging that she had presented the check to the bank, she might have amended by alleging that appellants had, by their conduct or words, waived such presentation. What the facts were in connection with this phase of the case, we do not know. Had appellants fairly stated their position, respondent might well, by amendment and the introduction of further evidence, have met the point upon which appellants now rely. Such an argument as that now made by appellants cannot be presented for the first time in this court. In the case of *Wappenstein v. Aberdeen,* 39 Wash. 189, 81 Pac. 686, this court said:

"This is an appeal from a judgment awarding the respondents damages caused their property by reason of a change in the grade of the street fronting thereon, made under the authority of the appellant city. The assignments of error raise but one question, namely, does the complaint state facts sufficient to constitute a cause of action. It is said that the complaint fails to state a cause of action because it fails to allege that

the property had been improved with reference to the established grade. But if it be the rule that a municipality may make as many changes in the grade of a street as it pleases without subjecting itself to damages at the suit of property owners owning property fronting thereon, so long as the property has not been improved with reference to an established grade, and that a complaint asking for damages which fails to allege improvement of the property with reference to the established grade is defective, we think the appellant is estopped from urging the question on this appeal. The objection is raised for the first time in this court, and, as the defect is one that could have been cured by amendment, it was waived by answering over and going to trial on the merits.

"The judgment is affirmed."

See, also: *Bishop v. Averill,* 17 Wash. 209, 49 Pac. 237, 50 Pac. 1024; *Rose v. Pierce County,* 25 Wash. 119, 64 Pac. 913; *Wild Rose Orchard Co. v. Critzer,* 79 Wash. 462, 140 Pac. 561; *Cook v. Washington-Oregon Corp.,* 84 Wash. 68, 146 Pac. 156, 149 Pac. 325; *Bishop v. Ryan Const. Co.,* 106 Wash. 254, 180 Pac. 126; *Koboski v. Cobb,* 161 Wash. 574, 297 Pac. 771. In the case of *Allen v. Blyth,* 173 Wash. 409, 23 P. (2d) 567, this court said:

"A party moving for a nonsuit or for a directed verdict should state the grounds relied upon with such particularity as to point out the defects in the plaintiff's case, if any. *Thompson-Spencer Co. v. Thompson,* 61 Wash. 547, 112 Pac. 655; *Idaho Trust Co. v. Eastman,* 43 Idaho 142, 249 Pac. 890; *Rovegno v. San Jose Knights of Columbus Hall Ass'n.,* 108 Cal. App. 591, 291 Pac. 848."

In 3 C. J. 705, § 599, the rule is laid down as follows:

"As a rule a party cannot for the first time on appeal raise the objection that no demand was made before the suit was brought or that a demand made was insufficient; that a claim against the estate of a

deceased person was not presented to the executor or administrator for allowance or that the demand was insufficient; that a claim against a municipal corporation or county was not presented to the proper officer or officers, as required by statute, for allowance or payment; that notice of an injury was not given to a city or other municipality before bringing suit therefor, or that a notice was insufficient; that there was no tender or an insufficient tender; or that plaintiff has otherwise failed to comply with or perform a condition precedent to his right to maintain the action.

"In a suit against indorsers, where the defense of want of presentation and notice of nonpayment is not raised at the trial, it cannot be considered on appeal."

In 1 Bancroft Code Practice & Remedies, p. 774, § 522, the rule is stated as follows:

"A nonsuit upon the failure of a plaintiff to prove his case may properly be granted only upon the motion of the defendant. The motion therefor must point the attention of the court and counsel to the precise grounds upon which it is made, so that, if possible, the objection may be obviated by additional evidence. . . . It is not sufficient to state as grounds merely that plaintiff has failed to prove any negligence of defendant or any damages, that plaintiff has failed to prove a sufficient case; that plaintiff's evidence did not show a 'prima facie case,' or, it has been held, that it showed his own contributory negligence."

In the case of *Prichard v. Strike,* 66 Utah 394, 243 Pac. 114, 44 A. L. R. 1348, the supreme court of Utah, in discussing a somewhat similar question, used the following language:

"Error is also assigned on the alleged insufficiency of evidence to show the giving of notice of dishonor by presentment, demand, and nonpayment. The assignment is untenable for several reasons. First, no such an issue was tendered or raised by the pleadings; no such claim was made by the appellant during the trial; neither party requested the court to charge,

nor did the court charge, on any such subject; nor was there any exception taken or complaint made of the court's failure or omission to so charge; nor was there any complaint made or exception taken to the portion of the court's charge that the only issue submitted to the jury was with respect to the indorsement and the circumstances under which it was made.''

The supreme court of California, in the case of *Inderbitzen v. Lane Hospital,* 124 Cal. App. 462, 12 P. (2d) 744, 13 P. (2d) 905, used the following language:

''A motion for nonsuit must state the grounds with sufficient particularity to direct the attention of court and counsel for the plaintiff to the particulars in which the evidence is insufficient so as to enable counsel to supply the omitted evidence if that can be done (*Moore v. Steen,* 102 Cal. App. 723, 725, 283 P. 833; *Moore v. Moffatt,* 188 Cal. 1, 5, 204 P. 220; *Brown v. Sterling Furniture Co.,* 175 Cal. 563, 166 P. 322; *Palmer & Rey v. Marysville Democrat Pub. Co.,* 90 Cal. 168, 27 P. 21); . . . This is for the sufficient reason that if the defect had been clearly pointed out plaintiff might then have cured it by the introduction of additional evidence. It is clear that the specification 'that the allegations of the second amended complaint have not been sustained' was altogether too general to support the order granting the nonsuit. (*Dawson v. Tulare Union High School,* 98 Cal. App. 138, 140, 276 P. 424; *Henley v. Bursell,* 61 Cal. App. 511, 215 P. 114.)''

A similar rule is laid down by the California court in the case of *Millar v. Millar,* 175 Cal. 797, 167 Pac. 394, Ann. Cas. 1918E 184. The California cases of *Miller v. Luco,* 80 Cal. 257, 22 Pac. 195, and *Moore v. Moffatt,* 188 Cal. 1, 204 Pac. 220, are also in point.

In my opinion, the judgment of the trial court should be affirmed, and I accordingly dissent from the conclusion reached by the majority.

TOLMAN and HOLCOMB, JJ., concur with BEALS, J.